THE STATE v. ANTHONY N. BULLOCK.

Decided February 24, 1927.

Crimes—Rape—Verdict Not Against the Weight of Evidence—
No Error in Court's Refusal to Postpone Trial on Account of a
Prejudicial Newspaper Article—No Error in Conduct of Spe-
cial Prosecutor—No Error in Trial Court Rulings—No Error
in Charge to Jury.

On error to the Atlantic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and CAMPBELL.

For the plaintiff in error, W. Frank Sooy.

For the state, Louis A. Repetto, prosecutor of the pleas,
and S. Cameron Hinkle, assistant prosecutor.

PER CURIAM.

The plaintiff in error was convicted on an indictment charg-
ing him with the crime of rape committed upon the body of
one Mary A. Newman. The grounds upon which it is sought
to obtain a reversal of that conviction will be dealt with in
the order in which they were argued.

First, it is contended that the verdict of the jury was
against the clear weight of the evidence. A careful reading
of the testimony has led us to the conclusion that the jury
was justified in its finding.

Next, it is argued that there was injurious error in the
refusal of the trial court to postpone the trial of the cause
for the term of the fact that an article had been published in
an Atlantic City newspaper which was very prejudicial to
the defendant. The application for the postponement was
made immediately after the trial of the cause was moved.
There was no offer made to show that this article had been
read by any of the members of the jury panel, or that any one

of them had been prejudiced against the defendant by its publication. In this situation, the motion for the postponement was properly denied. *Baus* v. *Trenton and Mercer County Traction Corp.*, 4 *N. J. Adv. R.* 44; *S. C. on appeal,* 4 *N. J. Adv. R.* 1748.

The next ground for reversal is based upon the statement of counsel "that the conduct of the special prosecutor and his remarks throughout the case, including the summing up to the jury, was of such a character as to work manifest wrong and injury to the defendant." When an examination of the assignments of error and the specification of causes for reversal discloses that not one of the alleged unfair statements of counsel for the state is set out therein as a ground for reversal, we cannot consider such a contention as is made in this behalf for the plaintiff in error." *State* v. *Bullock,* 4 *N. J. Adv. R.* 1864; *S. C. on appeal,* 4 *N. J. Mis. R.* 195.

It is further contended that the conviction under review should be reversed for certain alleged errors committed by the trial court in its rulings upon testimony.

We have examined the testimony, which was the subject of these rulings, and conclude that it was properly admitted. But, even if we had reached the conclusion that the rulings were any of them erroneous, we should not consider that fact a justification for reversing the conviction. The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act, and that section provides that "no judgment given upon any indictment shall be reversed for any error except such as shall or may have prejudiced the defendant in maintaining his defense upon the merits." In our opinion, the testimony which counsel contends was erroneously admitted could not have had any such effect.

Lastly, it is argued that the court erroneously charged the jury upon the doctrine of reasonable doubt. Our examination of the charge leads us to the conclusion that this contention is without merit.

The conviction under review will be affirmed.