## IN RE MICHAEL J. O'CONNOR.

Argued March 1, 1943—Decided May 28, 1943.

Before Justice Porter, at chambers.

For the petitioner, *Andrew J. Duch*.

For the state, *David T. Wilentz*, Attorney-General, and *Eugene T. Urbaniak*, Special Assistant Attorney-General.

The opinion of the court was delivered by

Porter, J.   The petitioner is confined in the state prison where he has been since November 27th, 1935, under a sentence of the Hudson County Court of Quarter Sessions of from seven to fifteen years upon conviction of robbery.   He claims to be entitled to his freedom because of the expiration of his sentence, considering time off for good conduct.

It appears from the return to the writ and the briefs filed that the petitioner is a third offender.   On November 22d, 1927, he was convicted of robbery and sentenced by the Hudson County Court of Quarter Sessions to a term in state prison for seven years.   He was transferred to the New Jersey Reformatory at Rahway and escaped therefrom on July 10th, 1931, and was apprehended and returned to the Reformatory on November 22d, 1932.   He pled guilty to an indictment for breaking prison and was sentenced by the Middlesex County Court of Quarter Sessions for that offense on December 2d, 1932, to a term in state prison of not less than one year nor more than fifteen months additional to the term he was then serving.

The petitioner argues that his imprisonment is illegal, and makes the following points: *First*.   In order to punish a person as a second or subsequent offender and thereby subject him to increased punishment, it is necessary to allege his

previous conviction or convictions in the indictment and to prove them on a trial, which was not done in this case. *Second.* In order to punish a person as a second or subsequent offender by virtue of the provisions of a multiple crimes act, it is necessary to allege the prior convictions in the indictment in order to meet the requirements of article VI of the United States Constitution and article I, paragraph 8 of the Constitution of New Jersey, both of which provide among other things that "in all criminal prosecutions the accused shall have the right * * * to be informed of the nature and the cause of the accusation." *Third.* That the 1927 statute which said warden cites as justifying his action in this case is unconstitutional and void, because in terms it seeks to impose a penalty on the accused without giving him an opportunity to be heard and have his guilt established by a jury upon matters on which the increased penalty attaches, and thereby deprives him of due process."

After a careful consideration we have reached the conclusion that these arguments are without merit. Under chapter 147, *Pamph. L.* 1918, now *N. J. S. A.* 30:4-140, the law provides for commutation of the sentences of inmates in the state prison by the Board of Managers on the recommendation of the principal keeper and moral instructor based upon the good conduct of the prisoner. The applicable law at the time of the conviction of the petitioner in 1935 is chapter 218, *Pamph. L.* 1927, as amended by chapter 244, *Pamph. L.* 1936, now embodied in *N. J. S. A.* 2:103-8 and *N. J. S. A.* 2:103-9. These two sections read as follows: (2:103-8) "Any person who shall be convicted and sentenced to the state prison for a second time, shall, in addition to serving the sentence prescribed for such second offense, serve the commutation time earned and allowed by reason of the first sentence, provided such person shall have been at liberty before such second sentence and incarceration in the state prison." (2:103-9) "Any person sentenced to the state prison for a third time shall serve the sentence imposed by law for such third offense, and no commutation shall be allowed him on the third sentence. In addition thereto the prisoner shall serve the commutation time earned and allowed under his

second sentence." These statutes must be considered with *N. J. S. A.* 30 :4-140, *supra*, because they are *in pari materia*. The legislative policy (*N. J. S. A.* 30 :4, *et seq.*) has been to give the State Board of Control of Institutions and Agencies a wide latitude in the matter of administration of the penal institutions and has not laid down any hard and fast rules of procedure which govern its conduct with respect to the commutation of sentences, or with respect to ascertaining whether a prisoner was in fact a multiple offender.

In the instant case it is not in dispute that the petitioner is in fact serving a third sentence. His argument is based on the contention that he is receiving punishment in excess of that provided for the offenses committed. Its fallacy lies in the fact that his sentence has not been greater than allowed by law. He has simply lost his right of commutation. That does not constitute the imposition of a greater sentence than that which the law imposed for his offense, and therefore his rights were not infringed by the failure to charge in the indictment the previous convictions in order that he may be informed of the accusations, because he was not then accused of or sentenced as a multiple offender and was in fact given no greater sentence than he could have received as a first offender. Nor was there therefore any violation of his rights in refusing him an opportunity to be heard as to those former offenses. The law as it then existed did not provide that the sentences were to be increased for second or third offenses. If that were so, it may well be that it would constitute a different offense than that of a first offender and that the indictment should have so indicated. But that is not this case.

For these reasons the writ will be dismissed, without costs.