THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. STEPHEN BURNS, PLAINTIFF IN ERROR.

Submitted October 1, 1946—Decided April 2, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the plaintiff in error, *Walter S. Keown.*

For the state, *Gene R. Mariano,* Prosecutor of the Pleas.

The opinion of the court was delivered by

COLIE, J. This writ of error brings up for review the conviction of plaintiff in error in the Camden County Court of Quarter Sessions. The indictment in one count charged Stephen Burns, alias Steve Burns, with having, on December 31st, 1944, committed "an assault with a revolver with intent to rob" and in another count with a simple assault upon one Fred DeMarco. The indictment also charged as follows:

"AND THE GRAND INQUEST aforesaid, upon their respective oath aforesaid do FURTHER PRESENT that the said Stephen Burns, alias Steve Burns, was heretofore duly charged, arraigned, convicted and sentenced for the high misdemeanor of Larceny, in the Common Pleas Court of Buffalo, N. J. on December 13, 1922 : and that the said Stephen Burns, alias Steve Burns, was heretofore duly charged, arraigned, convicted and sentenced for the high misdemeanor of Receiving

Stolen Goods, in the Common Pleas Court of Elmira, N. Y. on May 5, 1923; and that the said Stephen Burns, alias Steve Burns, was heretofore duly charged, arraigned, convicted and sentenced for the high misdemeanor of Larceny in the Common Pleas Court of Philadelphia, Pa., on August 8, 1929; and that the said Stephen Burns, alias Steve Burns, was heretofore duly charged, arraigned, convicted and sentenced for the high misdemeanor of Atrocious Assault and Battery, in the Camden County Court of Quarter Sessions, on July 12, 1934; and that the said Stephen Burns, alias Steve Burns, was heretofore duly charged, arraigned, convicted and sentenced for the high misdemeanor of Assault with Intent to Kill, in the Court of Quarter Sessions, Trenton, N. J. on September 20, 1934; all of which crimes had they been committed in this State, would be high misdemeanors and wherefore in the premises the said Stephen Burns, alias Steve Burns, is declared to be a habitual criminal according to the form of the statute in such case made and provided and against the peace of this State the government and dignity of the same."

This language was clearly intended to bring plaintiff in error within the operation of the Habitual Criminal Act. *R. S.* 2:103–10, as amended *Pamph. L.* 1940, *ch.* 219, *p.* 889.

"Any person who on three separate occasions has been convicted of high misdemeanors in this state, or of crimes under the laws of the United States or of any other State or country, which crimes would be high misdemeanors if committed in this State, or whose convictions for such offenses in this State or under the laws of the United States or of any other State or country shall total three or more, and who shall thereafter be convicted of a subsequent offense enumerated in this subtitle, is hereby declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, shall impose a life sentence in the State Prison upon the person so convicted."

The specifications of causes for reversal and assignments of error number thirty-two and thirty-four, respectively. Plaintiff in error briefs them under seven points and we will treat them in the same order.

It is said that the court below erred in granting, over objection, the motion of the Prosecutor of the Pleas to amend that part of the indictment charging plaintiff in error with a conviction of "the high misdemeanor of assault with intent to kill in the Court of Quarter Sessions, Trenton, N. J. on September 20, 1934;" so as to read "Camden, New Jersey, instead of Trenton, New Jersey." We are of the opinion that changing the description of the location of the Court from Trenton to Camden is within the language of *R. S.* 2:188-9 which reads, in part: "Whenever, upon the trial of any indictment, there shall appear to be any variance between the statement therein and the evidence offered in proof thereof, in the name of any county, municipality or other place mentioned or described in the indictment  *   *   *   the court before which trial shall be had may, if it shall consider the variance not material to the merits of the case and that the defendant cannot be prejudiced thereby in his defense on such merits, order such indictment to be amended according to the proof,  *   *   *."

This amendment was made to correct a variance between the indictment and the evidence "in the name of any county, municipality or other place mentioned or described in the indictment" thereby coming within the express terms of the statute. Additionally the alleged error—assuming it to be such, which it was not—was harmless in view of Burns' admission on cross-examination that he was convicted and sentenced for an assault with intent to kill one Blackburn and in view of the record in the Camden County Court of Quarter Sessions.

It is next said that there was reversible error in refusing to grant a continuance because of certain newspaper articles which linked the name of the defendant with the holdup of a roadhouse. We see no error in this regard. No offer was made to show that the articles had been read by any members of the jury, or that any one of them had been prejudiced against the defendant by reason thereof. The case in this respect is on all fours with *State* v. *Bullock,* 5 *N. J. Mis. R.* 298.

The third ground for reversal is alleged error in denying

to counsel for plaintiff in error permission to examine separately each juror before being sworn. There is no merit in this point. In *State* v. *Calabrese,* 107 *N. J. L.* 115, it was held that a challenge for cause as to impartiality must be interposed before the juror is questioned and in the instant case no such challenge was interposed. *Cf. Clifford* v. *State,* 61 *Id.* 217.

Error is assigned on the action of the court in permitting the state to reopen its case for the purpose of presenting evidence as to prior convictions. The motion was addressed to the discretion of the court and we see no abuse thereof.

Points 5, 6 and 7 are directed to the point that the state failed to prove the prior convictions set forth in the indictment. Examining the indictment we find that it charges a conviction and sentence "for the high misdemeanor of larceny, in the Common Pleas Court of Buffalo, N. J. on December 13, 1922." As proof thereof, the state put in evidence *Exhibit S-2,* an exemplified copy of the proceedings in The County Court of Erie County, State of New York in the case of The People vs. Steven Burns. Summarized, the record discloses that one Steven Burns was indicted for "grand larceny first degree" and "criminally receiving stolen property," that an original plea of "not guilty" was subsequently withdrawn and a plea of guilty entered as to the charge of criminally receiving stolen property. Thereafter and on January 19th, 1923, the defendant was sentenced to. Elmira Reformatory. The sentence was suspended but later revoked. The indictment was erroneous with respect to the name of the court, the description of the crime and the date. The indictment next charged plaintiff in error with having been convicted and sentenced for the high misdemeanor of receiving stolen goods in the Common Pleas Court of Elmira, New York, on May 5th, 1923. There was no evidence to support this charge. The third prior conviction set up in the indictment charges that plaintiff in error "was convicted and sentenced for the high misdemeanor of larceny in the Common Pleas Court of Philadelphia, Pennsylvania, on August 8th, 1929." The indictment erroneously describes the court in which the conviction was had and also the date of the conviction. *Exhibit*

*S-4* is entitled "In the Court of Quarter Sessions of the Peace, of the County of Phialdelphia." The certification of the judge describes himself as "Presiding Judge of the Municipal Court, in and for the City and County of Philadelphia." As to these discrepancies between the indictment and the proof offered in support thereof, we think that the indictment, replete with errors as it is, and the slipshod manner of proving the charges laid therein are no credit to the prosecutor's office.

The indictment next charges that Stephen Burns was "convicted and sentenced for the high misdemeanor of atrocious assault and battery, in the Camden County Court of Quarter Sessions, on July 12, 1934." No evidence in support of this charge appears in the record.

The last charge of a prior conviction in the indictment was that of "assault with intent to kill" which has been discussed heretofore in this opinion. It was adequately proved. Of the five prior convictions set up in the indictment, the state failed to prove four and consequently it was erroneous to sentence the plaintiff in error under the Habitual Criminal Act.

The state urges that since the plaintiff in error was found guilty of the crime for which he was indicted and since the harmful error, if any, was only in the sentence imposed, we should exercise the right accorded by *R. S.* 2:195–23. Under the circumstances we think that the ends of justice will be best attained by a new trial.

Inasmuch as this case will have to be retried, we think it advisable to point out that the burden is upon the state to prove the prior convictions beyond a reasonable doubt, and that it also must bear the same burden with respect to the identity of the accused with the person formerly convicted. Furthermore, we deem it advisable to point out that where the state is seeking to hold a person as an habitual criminal, it is necessary that the proof of the prior conviction conforms to the allegations of the indictment and that the requirements of the statute be fulfilled.

The judgment of the court is that the conviction and sentence is reversed, to the end that a *venire de novo* may issue.