STATE OF NEW JERSEY, DEFENDANT IN ERROR, APPELLANT, v. STEPHEN BURNS, ALIAS STEVE BURNS, PLAINTIFF IN ERROR, RESPONDENT.

Submitted October 21, 1947—Decided January 29, 1948.

For the appellant, defendant in error, *Gene R. Mariano*, Prosecutor of the Pleas of the County of Camden.

For the respondent, plaintiff in error, *Walter S. Keown*.

The opinion of the court was delivered by

Burling, J. Stephen Burns, alias Steve Burns, was indicted by the grand jury of the County of Camden during the December term, 1944. The first count of the indictment charged him with having on December 31st, 1944, committed an assault with a revolver with intent to rob one Fred J. DeMarco, and the second count charged a simple assault and battery upon said DeMarco. The indictment also charged in a third count certain allegations which were intended to bring the respondent within the effect of the Habitual Crimi-

nal Act (*R. S.* 2:103–10 as amended by *Pamph. L.* 1940, *ch.* 219), the detail of which is set forth in the opinion of the Supreme Court. He was tried upon this indictment in the Camden County Court of Quarter Sessions and the verdict of the jury was rendered on March 26th, 1945, as follows: "They find the defendant, Stephen Burns, alias Steve Burns, Guilty of Assault with Intent to Rob and so say they all." He was sentenced on June 22d, 1945, to a term in State's Prison for the rest of his natural life. From this conviction and sentence, a writ of error was issued by the Supreme Court on June 14th, 1946. The judgment of the Supreme Court reversed the conviction and sentence of the plaintiff in error and directed a *venire de novo* issue. The new Criminal Appeal Act (*R. S.* 2:195A) not being effective until February 1st, 1947, assignments of error upon a bill of exceptions (*R. S.* 2:195–17) were filed in the Supreme Court and the entire record was returned and specifications of causes of reversal were filed in the Supreme Court, pursuant to *R. S.* 2:195–16. In this court grounds of appeal as provided by *R. S.* 2:195A–5 were not so designated but an assignment of errors was filed and served which will be treated as a compliance therewith and reads as follows:

"1. Because the judgment of the Supreme Court in said cause was entered in favor of the said Stephen Burns, alias Steve Burns, whereas it should have been entered in favor of the State.

"2. Because the Supreme Court reversed the conviction and sentence and ordered the issuance of a *venire de novo* whereas it should have affirmed the judgment and conviction and sentence of the Camden County Court of Quarter Sessions, and the said plaintiff in error, the State of New Jersey, prays: that the judgment aforesaid of Stephen Burns, alias Steve Burns, be in all things affirmed, and that the record and proceedings be remitted to the Supreme Court to be proceeded with according to law and the rules and practice of said court."

The appellant in its brief, first, contends that the prior convictions were so proven to justify the sentence. With this we disagree. Secondly, if otherwise, the sentence should be

corrected and conform to the conviction upon the first count. With this we do agree.

It is not necessary in the disposition of this case to review chronologically the soundness of the proceedings in relation to the manner of asserting and sufficiency of the evidence of the convictions of the other criminal offenses. Suffice it to say, the state failed to meticulously assert and prove either at the trial or upon sentence by an information convictions of high misdemeanors on three other separate occasions, as defined in the Habitual Criminal Act (*supra*).

"There is an aggravation of guilt in the repetition of criminal conduct that warrants the imposition of a heavier penalty when the malefactor is again convicted, if the legislative authority so wills; but it is essential to due process that there be an allegation in the indictment of the previous convictions upon which the enhancement of the punishment depends, and proof thereof upon the trial, or that there be a subsequent proceeding in which shall be determined the identity and status of the prisoner in this regard, and his liability to the increased penalty." *State* v. *Lutz* (*Supreme Court*, 1947), 135 *N. J. L.* 603 (at *p.* 604). Also refer to *Graham* v. *West Virginia*, 224 *U. S.* 616.

After a review of the bill of exceptions, assignments of error, specifications of causes of reversal filed in the Supreme Court and the entire record, pursuant to *R. S.* 2:195–16 (a comparable provision is found in *R. S.* 2:195A–8) it leads us to a conclusion that the respondent only suffered manifest wrong or injury in the sentence. Resort is made to *R. S.* 2:195–3 (comparable provision is found in *R. S.* 2:195A–13) and the judgment of the Supreme Court is reversed and the judgment of conviction is affirmed upon the first count of the indictment and the case is remanded to the Camden County Court of Quarter Sessions for the imposition of an appropriate sentence for the crime for which he was convicted, namely an assault with intent to rob (*R. S.* 2:110–2) being the first count in the indictment.

In respondent's brief he dealt with the assignments of error and specifications of causes of reversal filed in the Supreme Court in two groups. These are corresponding in

number and material. It is difficult to pursue them and to determine which are presently argued, because of the general treatment thereof. Apparently in the Supreme Court they were specifically treated in appropriate categories. In the present brief, the first group (assignments of error Nos. 6, 7, 8, 9, 10, 12, 13, 33 and 34 and specifications of causes of reversal Nos. 6, 7, 8, 9, 10, 12 and 13) related to the Habitual Criminal Act and nothing further need be said as to them in view of our disposition of the case excepting as to the admission of evidence relating to prior convictions. He did not suffer manifest wrong or injury thereby (*R. S.* 2:195–16, comparable provision is found in *R. S.* 2:195A–8). Regardless of the subject of their competency relating to the Habitual Criminal Act, the court in the charge dealt with the rule of evaluation of this line of evidence satisfactorily in the following language:

"In weighing the credibility of the witnesses, I charge you that, if you find that the defendant has been previously convicted of crime, and it is admitted in this case, it shall be considered by you for the purpose of affecting your belief in the credibility of the defendant and shall not be considered as substantive proof that he did commit the crime charged in this indictment."

The second group (assignments of error and specifications of causes of reversal Nos. 14 to 32, inclusive, are discussed under the headnote:

"Had the Supreme Court considered the Court's charge and the court's refusal to charge reversible error would have justified the Supreme Court and should now justify this court in upholding the verdict of the Supreme Court in granting the accused a new trial."

Assignment of error and specification of causes of reversal No. 14 is an exception to the entire charge. No specific error is pointed out in the brief that is applicable to the conviction upon the first count.

Assignment of error and specification of causes of reversal No. 15—the denial was correct. It dealt with the question of newspaper accounts antecedent to the trial. No evidence had been offered to show that the articles had been read by

any member of the jury or that any member had been prejudiced against the defendant by reference thereto.

Assignments of error and specifications of causes of reversal Nos. 16, 17, 18, and 19, being numbers 2 to 5 of the denied requests, dealt with the subject of the defense of alibi. The court made specific references to the alibi as follows:

"The defendant took the stand in denial of his guilt and said that he was not at the scene of the crime at the time and place alleged in the indictment, and that he was at home with his wife and daughter, who support him in this statement."

.And

"In addition it must be shown that the defendant Stephen Burns was present participating in this crime."

The requests to charge were generally patterned after the approved rule set forth in *State* v. *Kee* (*Court of Errors and Appeals,* 1929), 106 *N. J. L.* 336 (at *p.* 338).

The court's charge upon the subject of credibility of witnesses, burden of proof and reasonable doubt copiously and correctly dealt therewith. Such references were likewise applicable to the evidence of alibi and sufficiently met the law upon that subject.

The remaining requests to charge were within the category of credibility of witnesses, burden of proof and reasonable doubt and the denial thereof provoked no reversible error in view of the principal charge upon these subjects.

*For affirmance*—WACHENFELD, J. 1.

*For reversal*—THE CHANCELLOR, BODINE, DONGES, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 10.