The appellant, a prisoner at State Prison, Trenton, filed a "Petition" seeking review of his conviction and his life sentence as a fourth offender. The County Prosecutor filed a verified answer and the prisoner filed a reply. Without considering the procedural questions which arise because of the failure of the prisoner to comply with the rules relating to the prosecution of appeals to this court, we shall pass upon the issue as to whether he was properly sentenced under the Habitual Criminal Act (R.S.
2:103-10) which appears to be the sole point he seeks to press, and, in any event, is the only one warranting discussion.
The prisoner was indicted by the grand jury of Cumberland County in three separate indictments for breaking and entering with attempt to commit burglary, possession of burglar's tools with intent to use them in the commission of burglary or theft, and knowingly receiving and possessing a stolen automobile. The indictments set forth that the prisoner had theretofore been "thrice or more convicted," for *Page 299 
high misdemeanors, on November 6, 1929, in the Court of Special Sessions, Salem County, on May 1, 1930, in the Court of Quarter Sessions, Camden County, on June 15, 1933, in the Court of Special Sessions, Mount Holly, Burlington County, and on October 5, 1938, in the Court of Special Sessions, Camden County. At the trial, the prisoner and another defendant were represented by counsel and the court inquired as to whether the defendants denied that they "had at least three prior convictions." Counsel asked for a recess which was granted, the court pointing out that counsel might be able to answer the inquiry "after discussion with the defendants." The record discloses that after the recess the court then said, "Let me see if I understand what has been agreed upon, so that it may be stipulated upon the record, and that is that each defendant agrees that on three separate occasions they have been convicted of high misdemeanors." In response, counsel said, "That is correct sir." Thereupon the Prosecutor stated, "That being the situation, then, your Honor, as I understand it, I am at liberty to excuse all of the State policemen and other witnesses I have summoned to come down here this morning, and we will proceed immediately into the burglary feature of this case."
The prisoner does not dispute the foregoing but alleges that the indictment contained errors in the description of his prior convictions and that he and his counsel "upon hearing the indictments read in open court, recognized the errors they contained and decided to go along with the Prosecutor as they were, both feeling whatever conviction ensued would not stand up." The Prosecutor concedes that the Salem County conviction was not entered on November 6, 1929; the prisoner was arrested about that time but his conviction did not take place until January 31, 1930. The Prosecutor further concedes that the Burlington County conviction was not in the Court of Special Sessions as alleged, but was in the Court of Quarter Sessions. He contends, however, that these errors were immaterial, did not prejudice the prisoner, and may not now be asserted in view of the admissions in open court. *Page 300 
 R.S. 2:103-10 provides that any person who on three separate occasions has been convicted of high misdemeanors in this State and is thereafter convicted of a subsequent offense enumerated in Subtitle 13 of Title 2 of the Revised Statutes, is declared to be an habitual criminal for sentence thereunder to life imprisonment. The validity of this act under our Federal and State Constitutions has been recognized. See In re Caruso,131 N.J.L. 505 (Sup. Ct. 1944); 135 N.J.L. 522 (Sup. Ct.
1947); Graham v. West Virginia, 224 U.S. 616, 623,56 L.Ed. 917, 921 (1912). There is no necessity that there be an independent proceeding under R.S. 2:103-10 to adjudicate the accused to be an habitual criminal; it is sufficient if the previous convictions, upon which the increased sentence will rest, are alleged in the indictment and are established at the trial. See State v. Lutz, 135 N.J.L. 603, 604 (Sup. Ct.
1947). Although it is important for the protection of the rights of the defendant that the prior convictions be adequately set forth, immaterial errors which have not prejudiced the defendant in maintaining his defense upon the merits will furnish no basis for relief on appeal. See R.S. 2:195-16 and Rules 1:2-19 and 4:2-6. See, also, State v. Burns, 135 N.J.L. 386, 389 (Sup.Ct. 1947); reversed on other grounds in 136 N.J.L. 601 (E. A. 1947). A plea of guilty or admission of the prior convictions at the trial waives the need for formal proof by the State. Cf.Commonwealth v. Fortier, 258 Mass. 98, 155 N.E. 8 (Sup.Jud. Ct. 1927); State v. Miglin, 101 Conn. 8, 125 A. 250
(Sup. Ct. of Err. 1924).
Applying the foregoing principles to the present case, we are satisfied that no ground for relief has been presented. The indictment expressly notified the defendant that he was charged with having been convicted of high misdemeanors on three or more occasions and listed four convictions. At the trial he expressly stipulated, through his counsel, that he had three previous convictions of high misdemeanors and he now acknowledges the convictions but seeks relief because of the errors in their description. We consider that these errors were immaterial and did not prejudice the defendant in maintaining *Page 301 
his defense upon the merits, and, in any event, the deliberate admission at the trial of his three previous convictions of high misdemeanors waived whatever claim he might otherwise have had to advance his contention before this court that they were inaccurately set forth.
Appeal dismissed.