12 N.J. Super. 402 (1951)
79 A.2d 737
IN THE MATTER OF THE APPLICATION OF JAMES McBRIDE FOR ISSUANCE OF WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided March 12, 1951.
*404 Mr. Donald R. Bryant, attorney for the petitioner, in forma pauperis.
Mr. Theodore D. Parsons, Attorney-General of the State of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney-General, appearing), attorney for the State.
HUGHES, J.C.C.
On the basis of a petition alleging his wrongful detention in the New Jersey State Prison, there was issued to petitioner, James McBride, the writ of habeas corpus to inquire into such question, pursuant to the authority of R.S. 2:82-1, et seq. By its return to the writ, the State justifies the imprisonment by virtue of an order of commitment of the former Court of Quarter Sessions of Camden County, evidencing that in such court, on April 4, 1945, there was imposed upon the petitioner a sentence of imprisonment for the duration of his natural life. This petitioner insists that he was neither accused nor tried as an *405 habitual offender, but on the contrary was tried and found guilty only of the crime of robbery, for which the maximum term of imprisonment is 15 years. R.S. 2:166-1. However, it is evident from his petition, which includes a copy of the indictment charging him sufficiently as an habitual offender, and from the untraversed return to the writ, that he was indicted, convicted and sentenced not only for robbery, but as an habitual offender under the authority of R.S. 2:103-10, a part of the Habitual Criminal Act, as amended L. 1940, c. 219.[1]
Petitioner contends that this act is unconstitutional in that it does not provide within its terms for notice and hearing on the issue of identity and the conviction of previous offenses of the grade of high misdemeanors, upon which elements its application depends. Application of this statute is impossible, since it warrants the imposition of a heavier penalty than ordinarily prescribed for the basic crime which culminates the repetitive criminal conduct, unless there be a specification of the elements of aggravation which, under the statute, enlarge the grade of the crime by enhancing the punishment. It has been so held by our courts. State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947).
And, as it is required that such elements of aggravation be specified in the indictment, so it is incumbent on the State, for that statute to be applied, to offer proof of such previous offenses. The general rule is well settled that proof *406 of every act necessary to make the law apply is essential; that the court may not take judicial notice of the record of prior convictions; that the burden of proving the prior convictions, and the identity of the defendant as being the same person previously convicted, rests with the State and must be established beyond a reasonable doubt. State v. Lutz, supra; Singer v. United States, 278 Fed. 415 (C.C.A. 3, 1921); State v. Janiec, 9 N.J. Super. 29 (App. Div. 1950); State v. Burns, 136 N.J.L. 601 (E. & A. 1947).
There is no necessity, as this petitioner contends, that there be, or that the Habitual Criminal Act provide, a formula for an independent proceeding under R.S. 2:103-10, N.J.S.A., to adjudicate the accused to be an habitual criminal; it is sufficient if the previous convictions, upon which the increased sentence will rest, are alleged in the indictment and established at the trial. State v. Lutz, supra; State v. Cubbler, 4 N.J. Super. 297 (App. Div. 1949).
Nor is it essential that a separate and special verdict be found by the jury on the issue of habitual criminality, as contended by this petitioner, for a general verdict of guilty seals this issue. State v. Huggins, 84 N.J.L. 254 (E. & A. 1913).
Nor may this court, on habeas corpus, inquire into the sufficiency of proof of such prior convictions at trial. Although this petitioner would question the court's jurisdictional capacity to impose the sentence complained of because of the asserted absence of such proof at trial, it is really the validity of the conviction leading to such sentence which he attacks. In view of the statute quoted, there was, of course, the requisite jurisdictional power in the former Court of Quarter Sessions to convict him of the offense charged in the indictment, and based upon that conviction there was clear jurisdictional authority to impose the life sentence here questioned.
The scrutiny of the trial proofs suggested by petitioner is not available on habeas corpus. Our statute, R.S. 2:82-13, withholds the right to the writ of habeas corpus from those imprisoned by final judgment of a competent tribunal *407 of criminal jurisdiction. The claimed deficiency of proof does not bring into question the jurisdiction of the court, but amounts to the claim of a "trial error" affecting the validity of the conviction (State v. Lutz, supra; State v. Janiec, supra), and is thus reviewable only on appeal. In re Caruso, 135 N.J.L. 522 (Sup. Ct. 1947); In re Hall, 94 N.J. Eq. 108 (Ch. 1922); In re Scridlow, 124 N.J.L. 342 (Sup. Ct. 1940). If the sentence is illegal, in the sense that it is not justified by the statute in the light of the conviction on which it was based, or in other respects, a remedy exists for its correction under Rule 2:7-13. State v. Weeks, 5 N.J. Super. 505 (Cty. Ct. 1949); 6 N.J. Super. 395 (App. Div. 1950). The writ of habeas corpus may not be used in lieu of appeal. In re Rose, 122 N.J.L. 507 (Sup. Ct. 1939).
Accordingly, I determine that the Habitual Criminal Act is not constitutionally abortive on the ground cited by petitioner; that a special verdict on the issue of habitual criminality is not essential for its application; that the claimed deficiency of proof of such repetitive crime at trial is not available for review on habeas corpus; and that petitioner is not entitled to immediate release from imprisonment.
The writ is, therefore, discharged and the petitioner remanded to custody.
NOTES
[1] R.S. 2:103-10, N.J.S.A.

"Habitual criminals; fourth offense; life sentence to be imposed. Any person who on three separate occasions has been convicted of high misdemeanors in this State, or of crimes under the laws of the United States or of any other State or country, which crimes would be high misdemeanors if committed in this State, or whose convictions for such offenses in this State or under the laws of the United States or of any other State or country shall total three or more, and who shall thereafter be convicted of a subsequent offense enumerated in this subtitle, is hereby declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, shall impose a life sentence in the State Prison upon the person so convicted. As amended L. 1940, c. 219, p. 889, § 3."