17 N.J. Super. 580 (1952)
86 A.2d 422
CHARLES WHITE, PLAINTIFF-APPELLANT,
v.
THE PAROLE BOARD OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 1952.
Decided January 28, 1952.
*582 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Harvey T. Knight argued the cause for appellant.
Mr. Eugene T. Urbaniak, Deputy Attorney-General of New Jersey, argued the cause for respondent.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Appellant, Charles White, is an inmate of the State Prison. He appeals (Rule 3:81-8) from the refusal of the State Parole Board to consider him for parole. He has been confined since October 22, 1948, under a sentence of from three to eight years upon a *583 conviction for robbery. R.S. 2:166-1, now supplanted by N.J.S. 2A:141-1.
The Board's action was based upon its classification of White as a fourth offender ineligible for consideration for parole under section 12 of the Parole Act (L. 1948, c. 84; R.S. 30:4-123.12) until the expiration of his eight-year maximum sentence less any time earned for diligent performance of work assignments. White contends that the board had no power to classify his as a fourth offender and should have classified him as a first offender entitled to consideration for parole under section 10 of the act at the expiration of his three-year minimum sentence less commutation time therefrom for good behavior and for diligent application to work assignments.
The board classified White as a fourth offender "because the Finger Print Identification Record received from the Federal Bureau of Investigation in Washington, D.C., discloses a sufficient number of prior convictions to classify him as a fourth offender * * *. Further, the Classification and Summary Record, prepared by the State Prison officials from data furnished them by Charles White contains information which confirms the aforesaid prior convictions, these convictions having been admitted to by Charles White in interviews had with him after his arrival at the State Prison on October 22, 1948."
White's argument is that the 1948 Parole Act cannot be construed as giving the Parole Board power to classify prisoners as multiple offenders and must be interpreted as contemplating that the sentencing court is to "hear and classify," as otherwise the legislation "would be unconstitutional because in violation of Article I, paragraph 8 of the 1947 New Jersey Constitution and Amendments VI and XIV of the Federal Constitution."
The State Parole Board was created by the 1948 act. The act grants broad discretionary powers to the Board in keeping with the underlying philosophy of parole. Definite restrictions, however, are placed upon the Board's powers *584 to consider prisoners for parole. Release of a prisoner on parole may be only on the initiative of the Board itself, and may not be considered on the application of the prisoner or on his behalf. Section 17. The right of a prisoner to consideration for parole under section 10 is made expressly "subject to the provisions of section twelve." The duty of the Board to classify a prisoner as a first offender or a multiple offender arises from the requirement of section 17 that the Board shall determine an eligibility date "upon which each prisoner shall first be eligible for parole consideration as provided in section nine." No procedure or manner of proof of the facts necessary to the fixing of the eligibility date is specified. However, section 7 requires the several state and county agencies mentioned therein to furnish to the Board such information as they may have concerning the prisoner. And section 9 provides that when the Board "has been furnished all existing available records pertaining to the prisoner it shall consider the merits of his parole and shall make such other investigation as it shall deem necessary and proper." (Italics supplied.) These provisions plainly imply a grant of power to the Board ex parte to classify a prisoner as ineligible for consideration for parole until the times specified in section 12 if the data in hand from such sources is of reasonably probative quality to establish that he is a multiple offender.
White argues, nevertheless, that the requirement of a determination of the prior offenses by the court imposing sentence for the subsequent offense must have been contemplated as the Legislature must be presumed to have been familiar with the decisions which hold that where a repetition of criminal action renders the accused liable to different and greater punishment, the different and greater punishment cannot be imposed unless the State meticulously asserts and proves the earlier convictions either at the trial or upon sentence by an accusation, or the defendant at either such time admits, or pleads that he does not wish to contest, the prior convictions alleged. State v. Lutz, 135 N.J.L. 603 *585 (Sup. Ct. 1947); State v. Cubbler, 4 N.J. Super. 297 (App. Div. 1949), cert. den. 339 U.S. 939, 94 L.Ed. 1356 (1950); State v. Burns, 135 N.J.L. 386 (Sup. Ct. 1947), reversed on another point 136 N.J.L. 601 (E. & A. 1948); Weeks v. State, 101 N.J.L. 15 (Sup. Ct. 1925); State v. Garton, 102 N.J.L. 318 (E. & A. 1926); State v. Janiec, 9 N.J. Super. 29 (App. Div. 1950), affirmed 6 N.J. 608 (1951), cert. den. 341 U.S. 955, 95 L.Ed. 1376 (1951). But these decisions relate to the imposition by the sentencing judge of punishment for the offense on trial greater than the maximum punishment allowed for the crime as a first offense. Enlarged punishment is authorized by R.S. 2:103-7, 9 and 10, as amended (now supplanted by N.J.S. 2A:85-8 to 13 inclusive). The cited cases hold that the authority thereunder may not be exercised except upon allegations (cf. N.J.S. 2A:85-13) clearly informing the accused of what he is called upon to meet, and either proof by the State beyond a reasonable doubt of the prior convictions of the defendant as alleged, or an admission of the allegations by the defendant, or a plea that he does not wish to contest them. The proceeding is considered a "penal proceeding" in which the accused has the same fundamental rights as a defendant on trial for a criminal offense. These statutes were not resorted to in White's case. His eight-year maximum sentence is within the 15-year maximum authorized to be imposed for a first offense by R.S. 2:166-1.
The establishment of prior offenses entering into the determination of the prisoner's eligibility for consideration for parole does not implicate questions of due process. "* * * it is a question of state policy exclusively for the state to decide, as is also the procedure to ascertain the fact, as well as the kind or amount of evidence upon which to base its determination. It is not bound to give the convict a hearing upon the question of prior conviction, and a failure to give it violates no provision of the Federal Constitution." Ughbanks v. Armstrong, 208 U.S. 481, at 488, 52 L.Ed. 582, 584 (1908). Anything said in the *586 opinion of the Mercer County Court in In re Breslin, 9 N.J. Super. 356 (Cty. Ct. 1950) suggesting the contrary may be considered disapproved. Parole is an act of leniency or grace toward the prisoner and is also a device for the protection of society through the rehabilitation of the criminal. Note 65 Harv. L. Rev. 309 (December 1951). The grant or denial of parole is a matter for the exercise of proper judgment by the paroling authority and is not in any way a judicial function. In re Fitzpatrick, 9 N.J. Super. 511 (Cty. Ct. 1950), affirmed 14 N.J. Super. 213 (App. Div. 1951). Judicial review of an action such as that before us here is limited essentially to a determination whether it was taken within the statutory powers of the parole authority, properly applied. In re O'Connor, 130 N.J.L. 194 (Sup. Ct. 1943).
It is argued further that, because section 12 does not in terms allow a multiple offender a remission of his maximum sentence for good behavior but only for diligent performance of work assignments (work credit is two days per month; good behavior credit may aggregate an additional six or more days a month, R.S. 30:4-140), the classification of multiple offender has the effect of imposing "an additional sentence." The argument has no merit. There is no enhancement of White's sentence. The denial of commutation time to multiple offenders and the grant of it to prisoners not of that class is solely a question of legislative discretion involving no question of due process. See Ughbanks v. Armstrong, supra.
The statute makes no provision for a hearing by the Board to give the inmate an opportunity to challenge the accuracy of the data. Even though such provision is not essential to due process, considerations of simple fairness suggest that the Board should pursue procedures reasonably adequate to give an inmate notice of his classification as a multiple offender and appropriate consideration upon a claim of error if the facts of prior conviction or imprisonment or identity are denied him. Cf. section 25 of the act. *587 The situation is not presented here. In the agreed statement of facts submitted on the appeal it is stipulated that the classification summary record was prepared by the prison authorities two months after White came to the prison and that "when confronted with his prior criminal record, including aliases, the appellant did not deny his conviction of any of these offenses, as set forth in the Federal Bureau of Investigation Report, as representing the true statement of his former criminal record." In the circumstances there was no occasion for the Board to give further consideration to the matter merely because White's letter requesting consideration for parole stated that "for the purpose of this application I deny any previous convictions and request formal proof thereof."
Affirmed.