27 N.J. Super. 322 (1953)
99 A.2d 365
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH WYCKOFF, ALIAS ANTHONY WYCKOFF, ALIAS JOSEPH NALEWAJKO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1953.
Decided September 22, 1953.
*324 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Louis J. Greenberg argued the cause for appellant (Mr. Samuel M. Cole, attorney).
Mr. Frank J.V. Gimino, Assistant Prosecutor, argued the cause for the State (Mr. Frederick T. Law, Prosecutor of Hudson County).
The opinion of the court was delivered by JAYNE, J.A.D.
We have concluded that the conviction of the defendant for the unlawful ownership on March 6, 1951 of firearms and knives contrary to R.S. 2:176-8 and 5 which is conducted to us for appellate review by the present appeal should be affirmed, with some brief comment relative to the stated grounds of appeal. They are three in number.
The denial by the trial judge of the application for a postponement of the trial, unsupported by any clear and convincing proof that a fair and impartial trial could not be accorded the defendant before a jury selected, upon *325 interrogation of counsel, from the attending panel was not in our opinion an arbitrary and mistaken exercise of discretion. Cf. State v. Bullock, 5 N.J. Misc. 298 (Sup. Ct. 1927); State v. Burns, 135 N.J.L. 386, 389 (Sup. Ct. 1947), reversed on another ground, 136 N.J.L. 601 (E. & A. 1948); State v. Collins, 2 N.J. 406, 411 (1949); State v. Cooper, 10 N.J. 532, 562 (1952).
The second ground points out that the defendant was indicted and prosecuted as a second offender and that no evidence was introduced to identify him as the person convicted in the previous case.
It was stated in State v. Janiec, 9 N.J. Super. 29 (App. Div. 1950), affirmed, 6 N.J. 608 (1951):
"The general rule is well settled that proof of every act necessary to make the law apply is essential; that the court may not take judicial notice of the record of prior convictions; that the burden of proving the prior conviction or convictions and the identity of the defendant as being the same person previously convicted rests with the State and must be established beyond a reasonable doubt."
In State v. Janiec, supra, the defendant neither admitted nor denied the alleged prior convictions. The assistant prosecutor asserts that counsel for the defendant in his opening to the jury at the trial of the present case acknowledged on behalf of the defendant that the latter was the same person theretofore convicted in the Passaic County Quarter Sessions, as alleged in the subsequent indictment under which he was being tried. The opening address of counsel for the defendant was not recorded stenographically, and at the argument of the present appeal the recollection of the trial counsel for the defendant would not enable him either to affirm or deny the assertion of the assistant prosecutor.
The transcript before us does disclose that the record of the proceedings in the Passaic Quarter Sessions resulting in the conviction of the defendant named in the indictment was admitted in evidence in the trial of this defendant with the consent of his trial counsel. That occurrence is not controverted, and it is a rational implication that had *326 counsel not known from consultations with the defendant that his client was the same person designated in the record of the previous conviction, he would not have voluntarily acquiesced in the admission in evidence of such an indispensable and incriminatory piece of evidence.
The brief of the assistant prosecutor directs our attention to the coincidence of the same name of the defendant in the prior and subsequent indictments. Our courts in civil actions have held that in respect of records, identity of name is prima facie evidence of identity of person and in the absence of any denial, the circumstance creates a factual presumption of identity. Green v. Heritage, 63 N.J.L. 455 (Sup. Ct. 1899), reversed on another ground, 64 N.J.L. 567 (E. & A. 1900); Barlow v. Marrone, 88 N.J.L. 187 (E. & A. 1915).
In the present case we regard the prior conviction of the defendant as having been acknowledged by him through his counsel. Since the question is not presented to us for determination, we refrain from the expression of any opinion whether where the prior conviction is not admitted by an accused who is being prosecuted as a second or habitual offender, the mere presumption, if any such arises in a criminal case, is sufficient to establish the requisite identity beyond a reasonable doubt. Vide, 24 C.J.S., Criminal Law, § 1968, page 1164 et seq., and citations.
The third reason assigned by the appellant for a reversal of the conviction is that the sections of the statute (R.S. 2:176-5, 2:176-8), for the violation of which the defendant was prosecuted, are unconstitutional. The theme of the appellant's argument echoes that pursued in challenging the constitutionality of the Habitual Criminal Act, R.S. 2:103-10, now N.J.S. 2A:85-12, the validity of which was sustained for reasons applicable to the legislation here impugned. In re Caruso, 10 N.J. 184 (1952); In re Zee, 13 N.J. Super. 312 (Cty. Ct. 1951), affirmed 16 N.J. Super. 171 (App. Div. 1951).
Although the classification in the statute with which we are here concerned is less capacious, it is nevertheless obviously *327 based on rational considerations of policy with regard to material and reasonable distinctions appropriately to be made in the suppression of crimes. The danger to the public safety is often as here characteristic of the designated class. This statute applies alike to all persons similarly situated.
The judgment of conviction under review is affirmed.