29 N.J. Super. 80 (1953)
101 A.2d 580
ROSARIO DI MICELI, APPELLANT,
v.
STATE PAROLE BOARD, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 14, 1953.
Decided December 17, 1953.
*81 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Rosario Di Miceli, pro se.
Mr. Eugene T. Urbaniak, Deputy Attorney-General, for the State (Mr. Theodore D. Parsons, Attorney-General, attorney).
The opinion of the court was delivered by GOLDMANN, J.A.D.
Di Miceli, now confined in State Prison, appeals under R.R. 4:88-8 from a decision of the *82 State Parole Board classifying him as a third offender and holding that as such he is not eligible for parole until he has served three-fourths of his maximum term less time off for work credits, no credit being given for commutation (good behavior) time.
On September 9, 1940 Di Miceli was convicted on four counts for robbery, and received four sentences of five to seven years in State Prison, to run consecutively. He also was convicted of carrying concealed weapons and given a sentence of one to two years, to run consecutively to the four sentences. Upon arriving at the State Prison in 1940, Di Miceli was classified as a third offender in accordance with L. 1936, c. 194, on the basis of having served two terms in the State Prison at Ossining, New York prior to his New Jersey sentences. It appears that he was sent to Sing Sing on March 17, 1926 to serve a five- to seven-year sentence for robbery. Paroled in 1929, he subsequently, on November 28, 1930, was received at the same prison on a conviction of attempted robbery carrying a sentence of five years. It thus appears that he had previously served all or part of two sentences in a penal institution of state prison character in another state and so was subject to L. 1936, c. 194, § 2 (R.S. 30:4-106.2) which provided that:
"Any offender sentenced to any penal institution in this state and who has previously served two terms in any penal institution of the United States, in this state, or any other state of the United States, shall be deemed a third offender, and upon his incarceration shall be ineligible for parole unless he shall have served at least three-fourths of the maximum sentence so imposed."
The correctness of this previous prison record has never been challenged, nor is it now.
Di Miceli argues that having been sentenced on September 9, 1940, he is not subject to L. 1940, c. 219, amending R.S. 2:103-7, 9 and 10, effective November 19, 1940. That statute has no application; Di Miceli was clearly subject to the terms of the 1936 act upon his arrival at the New Jersey State Prison.
*83 The prisoner first argues that his classification as a third offender to establish parole eligibility violates his constitutional rights. The classification of an inmate as a multiple offender for the purpose of establishing parole eligibility involves no consideration of due process. Zink v. Lear, 28 N.J. Super. 515 (App. Div. 1953); White v. Parole Board, 17 N.J. Super. 580 (App. Div. 1952). Di Miceli contends that the White case has no application to his situation because it deals with L. 1948, c. 84, § 12, as amended (N.J.S.A. 30:4-123.12), enacted subsequent to his conviction. That argument is without merit, for the same principle of constitutional law is involved. What he overlooks is that L. 1936, c. 194, § 2 (R.S. 30:4-106.2), the former parole statute relating to multiple offenders, was in existence at the time of his conviction and sentence; as has been noted, it provided that a third offender was ineligible for parole consideration until he had served three-quarters of the maximum sentence imposed. The former Supreme Court, in discussing R.S. 30:4-106.2 in In re Huyler, 133 N.J.L. 171, 173, 176 (1945) said:
"It is basic in the statutory scheme here that a third offender shall be ineligible for parole by the prison board of managers unless he shall have served `at least' three-fourths of the maximum sentence imposed.

* * * * * * * *
"Comparing the related sections of the Revision, there is a conspicuous [legislative] policy to provide an incentive for reformation by imposing penalties for recidivism. The first offender and the unregenerate criminal are placed on different levels. There are readily understandable grounds for this policy."
Di Miceli alleges that the court in sentencing him considered him a first offender. In his appendix he reproduces a letter from the sentencing judge which states that the records in the prosecutor's office indicate that the prisoner was sentenced on individual accusations made against him and was not treated as a third offender. That does not change the aspect of the case; the legislative mandate operates whether the sentencing judge acted in ignorance of plaintiff's former record or with full knowledge thereof.
*84 Appellant cites State v. Burns, 135 N.J.L. 386 (Sup. Ct. 1947), reversed 136 N.J.L. 601 (E. & A. 1947), and State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947), apparently in support of the argument that the third offender statute results in the imposition of greater punishment. The same argument, supported by these and other cases, was advanced and rejected in White v. Parole Board, 17 N.J. Super. 580, 585 (App. Div. 1952).
Di Miceli's second point is that he is denied rights of eligibility for parole available to him under pre-existing law because of the abolition of the Court of Pardons. L. 1948, c. 84, § 37; N.J.S.A. 30:4-123.37. This argument was raised and rejected in our recent decision in Zink v. Lear, 28 N.J. Super. 515 (App. Div. 1953). As was pointed out there, executive clemency is still available to prisoners in all of its forms (L. 1948, c. 83, N.J.S. 2A:167-1 et seq.), including commutation of sentence upon such terms, conditions and limitations as the Governor in his discretion may direct. L. 1948, c. 83, § 5; N.J.S. 2A:167-4.
Appellant's final point is that L. 1948, c. 84, § 12, as amended (N.J.S.A. 30:4-123.12) is inequitable in its operation. He points out that he will have completed his maximum sentence, less time credits for good behavior (R.S. 30:4-140) and credits for work performed (R.S. 30:4-92), before the date arrives marking three-fourths of his maximum less work credits as provided in N.J.S.A. 30:4-123.12. He claims that this presents an anomalous situation, for he will be eligible for full release before he is eligible for parole consideration.
The fact remains that the State Parole Board is without legal authority to release Di Miceli, properly classified as a third offender, prior to the expiration of three-fourths of his maximum sentence less time credits for work performed. The Legislature clearly and specifically provided in L. 1948, c. 84, § 12, as amended (N.J.S.A. 30:4-123.12), that a third offender "shall be ineligible for parole consideration by the board [State Parole Board] until he shall have served at least three-fourths of the maximum sentence imposed upon *85 him for such third offense less any time earned for diligent performance of work assignments; * * *." We cannot say that the omission of any provision for time credit for good behavior was an oversight, for an examination of R.S. 30:4-106.2, from which N.J.S.A. 30:4-123.12 apparently derives, will disclose that the Board of Managers of the State Prison, which formerly had the power to release inmates upon parole, was not permitted to grant even work time credits now afforded a prisoner under the new Parole Act.
The fact that Di Miceli's maximum sentence, less credits for work performed and for good behavior, will expire prior to three-quarters of his maximum less work time is a matter which must be adjusted by the Legislature by amendatory legislation. Under the existing law, the State Parole Board is without warrant in giving any credit, other than work time credit, in reduction of three-fourths of the maximum sentence.
One final observation. The State Parole Board at its meeting of July 28, 1953 determined that Di Miceli would be paroled on the date of his eligibility as a third offender, which means three-quarters of his maximum less work time only. That date presently would fall early in 1958, less any future work time earned, provided he remains on good behavior and continues to be employed. Under the provisions of L. 1953, c. 277, Di Miceli, regardless of his status as a third offender, will become eligible for parole consideration in the same manner as if a life sentence had been imposed upon him  that is, after having served 25 years of his sentences less commutation time for good behavior and time credits earned and allowed by reason of diligent application to work assignments, always presupposing that he behaves himself. On this basis, Di Miceli will be eligible for parole consideration early in 1955 if his conduct remains satisfactory and if he is steadily employed.
We conclude that the State Parole Board has acted in accordance with existing law. The appeal is dismissed.