ALAN CONSTRUCTION COMPANY, INC., ET AL. *v.* GERDING ET AL.

[No. 85, October Term, 1955.]

*Decided February 13, 1956.*

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Kenneth C. Proctor* and *Charles F. Stein, Jr.,* for appellants.

*Cyril R. Murphy, Jr., Thomas L. Hennessey* and *A. Gordon Boone,* for appellees.

HENDERSON, J., delivered the opinion of the Court.

Alan Construction Company, Inc., as contractor, and Pleasant Plains Shopping Center, Inc., as owner, are in the process of constructing, or have just completed, a shopping center on a tract of land at the northeast corner of Loch Raven Boulevard and Taylor Avenue in Baltimore County. In addition to the frontage on these streets, the property abuts along its northern boundary upon a "service drive", that was originally laid out for the benefit of a residential development to the north, with connections leading to Glen Keith Boulevard by way of Clyde Bank Road and Glenclyde Road, and dedicated to public use by conveyance to the County Commissioners of Baltimore County, which was duly recorded. On May 25, 1955, the appellants applied to the County Commissioners for a permit to remove the curb at a designated point along this boundary, to permit access by motor vehicles to and from the service drive. The defendant, Robert J. Hajzyk, Roads Engineer of Baltimore County, issued a permit reading as follows:

> "Permission is hereby granted, insofar as this Department has the right and power to grant same for a curb opening on the South side of Glenclyde Drive at the intersection of Clyde Bank Road, as shown on the plans of George William Stephens, Junior and Associates, as revised on March 24, 1955. This curb opening to be 30′ in width, and to conform to the standard specification for curb openings as adopted by the Baltimore County Highways Department."

On June 1, 1955, the appellees Gerding, Hart and Wade, and the Associates of Loch Raven Village, Inc.,

filed a bill of complaint alleging that they were citizens, taxpayers and residents of Baltimore County, on behalf of themselves and others, to enjoin the County Commissioners, the Director of Public Works and the Roads Engineer, as well as the appellants, from "proceeding with the alteration of said public road", and asking the court to declare the permit, and all acts done or to be done thereunder, illegal and void. The bill contained no allegations of fact in support of the conclusion that the actions of the County officials were "illegal, unlawful and void", other than an allegation that the appellees had failed to follow the procedures outlined in the Code of Public Local Laws of Baltimore County (1948 ed.), Title 23, Sec. 310. To this bill the County authorities and the appellants separately filed combined demurrers and answers. The matter came on for hearing upon bill and demurrers and answers and the Chancellor, without hearing testimony, signed a decree and injunction declaring the permit void and permanently enjoining the defendants from "proceeding with the alteration of Service Drive and Clyde Bank Road as in these proceedings described, particularly in reference to any breaking of the existing curb under a permit issued on or about May 25, 1955," and directing the Pleasant Plains Shopping Center, Inc. to replace the curbing. From that decree the Shopping Center and its contractor have appealed.

The appellants contend that the owner of property abutting on a public highway cannot be deprived of access, except by condemnation. The taxpayer appellees contend, on the other hand, that an abutter's easement is subject to the dominant rights of the public, and that the mere impairment of a right of access, that does not bar all access, does not constitute a "taking" of the property. Both of these contentions are wide of the mark. As the case was presented on demurrer it is clear that the public authorities have made no determination that a denial of access was necessary in the public interest. On the contrary, insofar as the permit authorized the

cutting of the curb, it was an indication that the County authorities found no factual basis for limiting or regulating access at the place indicated. The taxpayer appellees quote, with apparent approval, from *State v. Burkett,* 119 Md. 609, 626, as follows:

> "An abutting owner has the unquestioned right to the use of the street as a means of ingress and egress, etc., but that right is subject to such reasonable use of the street, not inconsistent with its maintenance as a public highway, as may be necessary for the public good and convenience and does not seriously impair his right."

For present purposes, and without attempting to define the extent to which limitation or regulation of access may go, or how far the easement may be impaired, short of a "taking" in the constitutional sense, it is sufficient to observe that the public authorities have not imposed any limitation upon the right of access, by way of regulation or otherwise. It is well settled that an abutting owner has a right of ingress and egress to a public street, of which he can only be deprived by action of the public authorities in the general public interest. See 10 *McQuillan, Municipal Corporations* (3d ed.), secs. 30.54 and 30.63; *Tiffany, Real Property* (3d ed.), §927; *Ches. & P't'm'c Tel. Co. v. Mackenzie,* 74 Md. 36, 49; *Donovan v. Pennsylvania Co.,* 199 U. S. 279, 302; *Anzalone v. Metropolitan District Commission,* 153 N. E. 325 (Mass.). Deprivation of access cannot be predicated upon a serving of the private interests of other abutters. Cf. *Perellis v. M. & C. C. of Balto.,* 190 Md. 86, 93, and cases cited.

The taxpayer appellees contend, however, that the issuance of a permit in the instant case amounts to an "alteration" of the highway, and this can only be done by complying with the provisions of the Code of Public Local Laws of Baltimore County (1948 ed.), Title 23, Sec. 310; Code (1955), Title 30, Sec. 463. This section provides: "All applications for opening, altering, re-

locating, or closing roads shall be by petition to the County Commissioners of Baltimore County and whenever any freeholder of the county shall desire to have opened a new road for the public benefit or an old one altered, relocated or closed he shall give notice of his intention to apply therefor by publication in one or more of the county newspapers for three successive weeks, setting forth as near as may be the length, location and termini thereof, the names of the abutting property owners and the date on which he will appear before the said County Commissioners and ask for the order on such petition. * * *." It is then provided that objections be received and a hearing held.

The argument of the taxpayer appellees is based on the premise that the legal status of the highway was in some way changed by the issuance of the permit, and this constituted an alteration within the meaning of the statute. We think the argument is unsound. Unlike the situation in *Cityco Realty Co. v. Slaysman,* 160 Md. 357, where the developers retained a one-foot strip along the boundary line, the appellants concededly abut upon a public road that was dedicated to public use, presumably with the approval of the county prior to the filing of the plat. See Code of Public Local Laws of Baltimore County (1948 ed. and 1953 supp.), Title 23, Sec. 305; Code (1955), Title 30, Sec. 456. The rights of the appellants in such highway arise by operation of law, and not by reason of any special grant from the County. The cutting of the curb at a specified place did not alter the established road. Since we think the statute is inapplicable under the facts alleged, it is unnecessary to pass upon the appellants' contention that it has been repealed by implication by the passage of Ch. 237, Acts of 1947, and Ch. 720, Acts of 1949.

As we have indicated, the permit to cut the curb did not purport to withdraw or to grant any rights in the street. We have been referred to no statute authorizing or requiring the issuance of such a permit preliminary to a cutting of a curb by an abutting owner. We need

not decide whether the permit was valid or not. If the Roads Engineer was authorized to issue it, under the general regulatory powers conferred upon him or the County Commissioners, it was, in effect, a recognition of the appellants' existing right of access. If the permit were unauthorized, and the language of the permit itself seems to admit of some doubt in the mind of the Roads Engineer, it could have no effect upon the legal rights of the appellants. The situation here may be contrasted with the situation in *Newman v. Mayor of City of Newport*, 57 A. 2d 173 (R. I.). There a city ordinance, expressly granting authority to regulate or limit access by permit, in accordance with standards therein declared based upon the general public interest, was held constitutional, but the denial of a permit was held arbitrary and illegal under the facts of the particular case.

The demurrers should have been sustained under the allegations of the bill. Our decision is, of course, without prejudice to any other proceedings that the taxpayer appellees may desire to institute looking toward the closing of the street or the limitation of access by the municipal authorites in the public interest.

*Decree reversed and bill dismissed, costs
to be paid by the taxpayer appellees.*