## IN THE MATTER OF THE APPLICATION OF AUGUST C. SCRIDLOW FOR WRIT OF HABEAS CORPUS.

Submitted January 16, 1940—Decided March 23, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

BROGAN, CHIEF JUSTICE.   The applicant is confined in state's prison, having been committed on February 13th, 1936, upon his conviction of a high misdemeanor.   His petition for *habeas corpus* alleges that at his trial on February 9th, 1936, he was found guilty as charged and sentenced by the trial court to state's prison at hard labor for a maximum term of seven years and a minimum of four years and that

on February 13th, he was again brought before the trial court and his sentence changed to a maximum of seven and a minimum of five years; that his time for appeal has expired and that his continued imprisonment is illegal because, as he says, the statute of 1932, under which he was re-sentenced, so to speak, was *ex post facto,* relying on *Calder* v. *Bull, 3 Dallas* 386, 390.

The crime for which Scridlow was convicted and sentenced to prison was committed on May 13th, 1932. Subsequent thereto, *i. e.,* on May 26th of that year, the statute under which he was re-sentenced became effective. *Pamph. L.* 1932, *ch.* 166, *p.* 292. That statute provides that all sentences to the New Jersey state's prison shall be for a maximum and minimum term except sentences for life but that the maximum term shall not be in excess of the maximum term prescribed by law for the offense for which the offender was convicted. This is the pertinent part of the statute invoked and the applicant says that since, under his first sentence, a minimum term of four years was fixed that on the re-sentencing the fixing of a minimum term of five years was unlawful because *ex post facto.* This contention we consider to be without merit.

The petitioner's trial was held almost four years after the offense. At the time the offense was committed—May 13th, 1932—there was in fact no statute providing for maximum or minimum terms. The statute of 1922 (chapter 50, page 96) providing for maximum and minimum terms, had been repealed by the 1926 statute (chapter 214, page 357) and the 1932 statute, *supra,* did not, as has been said, become part of our law until thirteen days after petitioner's crime was committed.

Returning now to the matter of the crime for which Scridlow was convicted—that unlawful act, viz., the willful and malicious assault upon another with an offensive weapon or instrument, is, by our statute, a high misdemeanor—*R. S.* 2:110-3. Scridlow was found guilty as charged, the charge being that while he was in prison for some other violation of the criminal law he was party to an assault upon a fellow convict, with a knife, and the pertinent statute—*R. S.*

2 :103-5—provides that such act, characterized by law as a high misdemeanor, is punishable by imprisonment for a term not exceeding seven years; and this has been our law at least since 1898 (chapter 235, section 217, page 854).

It is clear therefore that at the time the crime was committed the punishment fixed by the statute for such high misdemeanor was a term not to exceed seven years and that the petitioner was not entitled to the advantage of a minimum sentence. The fact that he did receive a minimum sentence was entirely to his advantage and in no way detrimental to him. It did not increase but rather decreased his penalty. So much for the merits.

We turn now to a consideration of whether or not the petitioner is entitled to the writ under the circumstances exhibited. Our statute—2 :82-13—provides: "The following persons shall not be entitled to prosecute a writ of *habeas corpus* * * *. B. Persons committed or detained by virtue of a final judgment or decree of a competent tribunal of civil or criminal jurisdiction * * *." Now there can be no doubt that the Court of Quarter Sessions of Mercer County, in which petitioner was tried, had jurisdiction over the person and the subject-matter. If there was any error in the judgment under attack it did not stem from lack of jurisdiction. If the court erred in imposing the sentence, or if there was abuse of discretion, that is a matter that may not be reviewed by a writ of *habeas corpus*. An appeal should have been taken within the statutory period. *State* v. *Osborne,* 79 *N. J. Eq.* 430. A review by *habeas corpus* may, of course, be had where there was a failure of jurisdiction. See *In re Marlow,* 75 *N. J. L.* 400.

Granting, as it must be granted, that the court had power and jurisdiction to render a particular judgment in the matter, that judgment, when the power to pronounce it is erroneously exercised, should be corrected by appeal or writ of error as it is properly called. *In re Hall,* 94 *N. J. Eq.* 108.

*Habeas corpus* is, of course, available to persons unlawfully committed or detained when the judgment by virtue of which they were committed and are detained is void because of want of power or jurisdiction in the court that pronounced it.

That is the law, notwithstanding the provisions of the statute, because that statute which closed the door of *habeas corpus* to those committed or detained by virtue of a final judgment does not, of course, contemplate final judgments that are void but only those of a "competent tribunal of civil or criminal jurisdiction * * *." 2:82-13(b).

On the facts and the law, we entertain no doubt that the application for this writ should be denied.