IN THE MATTER OF THE APPLICATION OF PAULO CARUSO
FOR A WRIT OF HABEAS CORPUS.

Submitted May 6, 1947—Decided May 27, 1947.

Before Justices Donges, Colie and Eastwood.

For the prosecutor, *Peter P. Walsh, Jr.*

For the defendant, *Walter G. Winne* and *John E. Selser.*

The opinion of the court was delivered by

Donges, J.   This *certiorari* was allowed to review the action of the late Mr. Justice Porter in discharging a writ of *habeas corpus* which issued to test the validity of prosecutor's confinement in the state prison under a life sentence imposed under the Habitual Criminal Act, *R. S.* 2:103–10.

Prosecutor was indicted by the Bergen County grand jury at the September term, 1941, for the crime of robbery and assault upon one Mary Ghiorsi, and also carrying concealed weapons.   Upon trial he was convicted of robbery on January 5th, 1942, and on January 16th, 1942, was sentenced to life imprisonment as a habitual criminal.   In this indictment there was no allegation of previous convictions.

The December, 1941, grand jury indicted the defendant for assault upon one Mary E. Lewis with intent to rob, in which indictment there was a second count charging three previous convictions for high misdemeanors.   Upon conviction after jury trial upon this indictment, prosecutor was sentenced to

state prison for life on February 24th, 1942. It is this latter conviction and sentence thereunder that the state relies upon as justification for prosecutor's confinement.

The matter came before Mr. Justice Porter on *habeas corpus* and in discharging the writ he filed an opinion which is reported at 131 *N. J. L.* 505. We consider that Mr. Justice Porter properly and adequately dealt with the only question that could be presented in this proceeding, namely, the constitutionality of the statute under which the sentence was imposed. *In re Rose,* 122 *Id.* 507. We agree that prosecutor's constitutional rights were not violated, that there was due process of law, that prosecutor was fully apprised of the offense charged against him and that he had ample opportunity to present his defense.

Point two is directed to the validity of the first sentence to life imprisonment imposed on prosecutor on January 16th, 1942, which sentence is not relied upon by the state as justification for the confinement of prosecutor. Any invalidity in this sentence would not entitle the prosecutor to his liberty if the later sentence is effective. The arguments raised under this point need not here be discussed.

Point three involves the sufficiency of the charges in the indictment, and the proof thereof at the trial, to bring the prosecutor within the effect of the statute, *R. S.* 2:103–10. Trial errors may not be reviewed on *habeas corpus.* That writ may not be used in lieu of a writ of error. *In re Rose, supra.* The contentions made under this point may not now be urged.

The writ of *certiorari* is dismissed.