IN THE MATTER OF THE APPLICATION OF LAWRENCE JANIEC FOR A WRIT OF HABEAS CORPUS.

Submitted January 20, 1948—Decided April 13, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the application, *Lawrence Janiec, in propria persona.*

The opinion of the court was delivered by

DONGES, J. Prosecutor is confined in state prison upon conviction and sentence for a high misdemeanor. In November, 1946, he was tried in the Court of Quarter Sessions of Monmouth County, was found guilty of robbery and, on December 11th, 1946, was sentenced to life imprisonment as a habitual offender. Prosecutor seeks *certiorari* to review the action of the Judge of the Mercer County Court of Common Pleas in refusing him a writ of *habeas corpus* to review his sentence under the Habitual Criminal Act.

Upon the record before us we are of opinion that it appears that the Court of Quarter Sessions of Monmouth County had jurisdiction to render the judgment of conviction. The challenge is only as to the sentence imposed.

*In re Scridlow,* 124 *N. J. L.* 342, holds: "If there was any error in the judgment under attack it did not stem from lack of jurisdiction. If the court erred in imposing the sentence, or if there was abuse of discretion, that is a matter that may not be reviewed by a writ of *habeas corpus.* An appeal should have been taken within the statutory period. *State* v. *Osborne,* 79 *N. J. Eq.* 430. A review by *habeas corpus* may, of course, be had where there was a failure of jurisdiction. See *In re Marlow,* 75 *N. J. L.* 400.

"Granting, as it must be granted, that the court had power and jurisdiction to render a particular judgment in the matter, that judgment, when the power to pronounce it is erroneously exercised, should be corrected by appeal or writ of error as it is properly called. *In re Hall,* 94 *N. J. Eq.* 108."

We conclude that the refusal of a writ of *habeas corpus* was not erroneous and no debatable question appears for review by *certiorari.* The application is denied.