9 N.J. Super. 29 (1950)
74 A.2d 605
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LAWRENCE JANIEC, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 10, 1950.
Decided July 17, 1950.
*30 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. George A. Gray, Assistant Prosecutor, argued the cause for the respondent (Mr. J. Victor Carton, Monmouth County Prosecutor, attorney).
*31 Mr. George Pellettieri, attorney for defendant-appellant, argued the cause.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendant, Lawrence Janiec, Jr., appeals from a sentence of life imprisonment imposed upon him as an habitual criminal by the former Monmouth County Court of Quarter Sessions.
A summary of the pertinent facts will serve to clarify the issue. The September term, 1946, grand jury of Monmouth County returned seven indictments against Janiec, among which were indictments No. 4218, charging robbery of and assault and battery upon one William L. McKelvey; No. 4219, making similar charges concerning one William Carter; and No. 4220, charging defendant with escape from jail. On December 3, 1946, the grand jury returned indictment No. 4234, intended to supersede indictment No. 4221, adding to the charge of defendant's prior convictions a fourth conviction of a high misdemeanor. The trial of indictment No. 4220, on December 2, 1946, charging Janiec with escape from jail, resulted in a jury verdict of guilty. Indictments Nos. 4218 and 4219 were tried together on December 3, 1946, and the jury returned a verdict of guilty on all four counts. At his trials the defendant admitted on cross-examination certain prior convictions. The trial of indictment No. 4234 was set for December 4th. On that date, the court granted defendant's application for a continuance to December 11th, announcing that sentence on the three convictions on December 2nd and 3rd would be deferred to the same date. On December 11, 1946, the defendant entered a plea of not guilty to indictment No. 4234, but trial thereof was never moved. On this latter date, on the recommendation of the prosecutor of the pleas, the defendant was sentenced on indictment No. 4219 to life imprisonment under the Habitual Criminal Act. Indictment No. 4219 did not allege the prior convictions. Prior to the imposition of sentence, the prosecutor presented to the court an information setting forth a record of defendant's *32 alleged prior convictions, accompanied by a certified copy of the stenographic record of the testimony given by defendant admitting his prior convictions, certified copies of the prior convictions, and defendant's photograph and fingerprints. The defendant, when interrogated by the court, refused to admit or deny the alleged prior convictions. On the robbery count in indictment No. 4218, the defendant was sentenced to the New Jersey State Prison for a term of twelve to fifteen years and a fine of $1,000; on indictment No. 4220, he was sentenced to two to three years in State Prison and a fine of $1,000.
Defendant contends (1) that the sentence of life imprisonment is improper and invalid; and (2) that R.S. 2:103-10, known as the Habitual Criminal Act, is unconstitutional and void.
We are satisfied that the life sentence imposed on the defendant was erroneous and must be set aside. R.S. 2:103-10 provides:
"Any person who on three separate occasions has been convicted of high misdemeanors in this State, or of crimes under the laws of the United States or of any other State or country, which crimes would be high misdemeanors if committed in this State, or whose convictions for such offenses in this State or under the laws of the United States or of any other State or country shall total three or more, and who shall thereafter he convicted of a subsequent offense enumerated in this subtitle, is hereby declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, shall impose a life sentence in the State Prison upon the person so convicted. As amended L. 1940, c. 219, p. 889, sec. 3."
The general rule is well settled that proof of every act necessary to make the law apply is essential; that the court may not take judicial notice of the record of prior convictions; that the burden of proving the prior conviction or convictions and the identity of the defendant as being the same person previously convicted rests with the State and must be established beyond a reasonable doubt. See Singer v. United States, 278 Fed. 415 (3 C.C.A. 1921), certiorari denied, 258 U.S. 620, 42 S.Ct. 272, 66 L.Ed. 795 (1922). The State *33 here did not undertake to try the defendant on any indictment charging him with being an habitual criminal, but chose rather to present an information against him as hereinbefore discussed, and solely on the basis of the allegations thereof, moved that the sentence of life imprisonment be imposed upon him, notwithstanding the fact that defendant had not been apprised of the offense charged against him and was not given an opportunity to present his defense. The State argues that the judge who imposed the sentence also presided at the trials and convictions of the defendant and, therefore, was fully informed of defendant's prior convictions; that the certified copies of the convictions, defendant's photograph and fingerprints, and a certified copy of defendant's testimony admitting his prior convictions were before the court and that a further trial of the issue would have been a mere formality and would have served no useful purpose. It is the well settled rule that before the imposition of such a sentence, the defendant must be tried and convicted by a jury under an indictment specifically charging the prior convictions, or that a separate proceeding thereafter be undertaken before a competent court and jury to determine the liability of defendant to punishment as an habitual criminal and that, to meet the issue, the defendant has the same rights to a speedy trial, a time for preparation, assistance of counsel, compulsory process for witnesses, to be confronted with the witnesses against him, to require proof beyond a reasonable doubt, and to all other rights enjoyed by a defendant on trial for a criminal offense. 25 Am. Juris., "Habitual Criminals," § 31, p. 278. To impose a sentence of life imprisonment as an habitual criminal without conforming to the procedure mentioned, would be a clear violation of defendant's guaranties of due process under the Federal and State Constitutions. The refusal of the defendant at the hearing on the information to either admit or deny his prior convictions was equivalent to a plea of not guilty and clearly imposed upon the State the duty to proceed to have the issue tried and determined before the court and a jury. Defendant's testimony as to his prior convictions at *34 his trial was admitted solely for the purpose of affecting his credibility and the court so instructed the jury. At the presentation of the information, there was no formal offer of proofs of any kind as to defendant's prior convictions and his identity as the person named therein. The requisite procedure has been clearly defined by our courts and may be ascertained from the opinion of Mr. Justice Heher in State v. Lutz, 135 N.J.L. 603, at pp. 604, 605 (Sup. Ct. 1947), to wit:
"There is an aggravation of guilt in the repetition of criminal conduct that warrants the imposition of a heavier penalty when the malefactor is again convicted, if the legislative authority so wills; but it is essential to due process that there be an allegation in the indictment of the previous convictions upon which the enhancement of the punishment depends, and proof thereof upon the trial, or that there be a subsequent proceeding in which shall be determined the identity and status of the prisoner in this regard, and his liability to the increased penalty. Where a repetition of criminal action renders the accused liable to different and greater punishment, the subsequent offense is treated as a first offense, unless the earlier crimes are specified in the indictment and proved on the trial. State v. Garton, 102 N.J.L. 318; Weeks v. State, 101 Id. 15; Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917. The procedure must accord with the convict's fundamental right to be heard on notice as to his liability to the heavier penalty which may be inflicted only upon persistent offenders of the statutory category. Commonwealth of Pennsylvania, ex rel. Sullivan v. Ashe, 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43. The usual practice is to allege the prior convictions in the indictment, and to submit the factual issue thereby arising to the jury; and this course is obligatory save where the statute makes other adequate provision for the inquiry, which is not the case here. The procedure has its roots in the fundamental common-law principle that in penal proceedings the accused shall be clearly informed of the charge which he is called upon to meet; and this of necessity includes a specification of the elements of aggravation which under the statute enlarges the grade of the crime by enhancing the punishment. People v. Sickles, 156 N.Y. 541, 51 N.E. Rep. 288; People v. Rosen, 208 N.Y. 169, 101 N.E. Rep. 855. * * *"
The necessity "* * * to meticulously assert and prove either at the trial or upon sentence by an information convictions of high misdemeanors on three other separate occasions, * * *" is emphasized in the opinion of Mr. Justice Burling, *35 in State v. Burns, 136 N.J.L. 601 (E. & A. 1948), wherein the court held that the State had failed to assert and prove either at the trial or upon sentence convictions of high misdemeanors on three other separate occasions as defined in the Habitual Criminal Act and remanded the case to the trial court for the imposition of an appropriate sentence for the crime for which he was convicted.
We find no merit in defendant's contention that R.S. 2:103-10 is unconstitutional. That question was passed upon and determined in the case of In re Caruso, 131 N.J.L. 505 (Sup. Ct. 1944); 135 N.J.L. 522 (Sup. Ct. en banc, 1947), wherein the Court of Errors and Appeals, in affirming the opinion of Mr. Justice Porter in the Supreme Court case, stated at p. 523:
"* * * We consider that Mr. Justice Porter properly and adequately dealt with the only question that could be presented in this proceeding, namely, the constitutionality of the statute under which the sentence was imposed. In re Rose, 122 Id. 507. We agree that prosecutor's constitutional rights were not violated, that there was due process of law, that prosecutor was fully apprised of the offense charged against him and that he had ample opportunity to present his defense."
See People v. Rosen, 208 N.Y. 169, 101 N.E. 855. The United States Supreme Court has on numerous occasions affirmed the constitutionality of "habitual criminal" statutes. In the case of Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917, Mr. Justice Hughes, speaking for the court, stated:
"The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. Statutes providing for such increased punishment were enacted in Virginia and New York as early as 1796 and in Massachusetts in 1804; and there have been numerous acts of similar import in many states. This legislation has uniformly been sustained in the state courts * * * and it has been held by this court not to be repugnant to the Federal Constitution. Moore v. Missouri, 159 U.S. 673, 16 Sup. Ct. Rep. 179, 40 *36 L.Ed. 301; McDonald v. Massachusetts, 180 U.S. 311, 21 Sup. Ct. Rep. 389, 45 L.Ed. 542."

* * * * * * * *
"What has been said, and the authorities which have been cited, sufficiently show that there is no basis for the contention that the plaintiff in error has been put in double jeopardy, or that any of his privileges or immunities as a citizen of the United States have been abridged. Nor can it be maintained that cruel and unusual punishment has been inflicted. * * *"
See cases cited in Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43; also Gryger v. Burke, 334 U.S. 728; 68 S.Ct. 1256, 92 L.Ed. 1683.
Defendant argues several grounds for a reversal of his convictions under indictments Nos. 4218, 4219 and 4220. Defendant failed to prosecute his informal application for a writ of error within the extended time granted him by the former Supreme Court. Therefore, his attack upon his convictions is not properly before this court.
The sentence of life imprisonment imposed upon the defendant is set aside and the case is remanded to the Monmouth County Court for the imposition of an appropriate sentence. Rule 2:7-13.