12 N.J. Super. 97 (1951)
79 A.2d 98
IN THE MATTER OF THE APPLICATION OF JAMES E. COOLEY FOR ISSUANCE OF WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided February 21, 1951.
*99 Mr. Donald R. Bryant, Jr., attorney for the petitioner, in forma pauperis.
Mr. Theodore D. Parsons, Attorney General of the State of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney General, appearing), attorney for the State.
HUGHES, J.C.C.
On the basis of a petition alleging his unlawful imprisonment by the Principal Keeper of the New Jersey State Prison, the writ of habeas corpus was issued to James E. Cooley under the authority of R.S. 2:82-1 et seq. By the return to the writ, the State predicates its detention of petitioner on a commitment of the former Camden County Court of Quarter Sessions, evidencing that on December 2, 1941, that court imposed on petitioner a sentence of not less than 4 nor more than 15 years. Petitioner entered upon service of such sentence and since no parole has intervened, is presently being held to serve the maximum thereof. Ex parte Fitzpatrick, 9 N.J. Super. 511 (Cty. Ct. 1950).
The basic contention of this petitioner is that he was convicted of the crime of atrocious assault and battery, which has a statutory maximum punishment of seven years (R.S. 2:110-1), and that there was illegally imposed upon him a sentence having a maximum in excess thereof. Examination of the indictment, copy of which is made a part of the petition, indicates that in addition to the crime of atrocious assault and battery, petitioner was charged therein with previous convictions of high misdemeanors, and it would thus appear that sentence was passed upon him as a multiple offender within the purview of R.S. 2:103-9, as amended L. 1940, c. 219; L. 1950, c. 315. This section is a portion of the statute referred to as the Habitual Criminal Act, which has been held by our courts to be constitutional. In re Caruso, 131 N.J.L. 505 (Sup. Ct. 1944); In re Caruso, 135 N.J.L. 522 (Sup. Ct., en banc, 1947); State v. Janiec, 9 N.J. Super. 29 (App. Div. 1950).
*100 Although such was the form of the indictment, petitioner contends that there was no proof at trial of the previous convictions of high misdemeanors, and that such being the case, the court was not empowered to impose sentence upon him under the Habitual Criminal Act, supra. Of course, it is incumbent on the State, for that act to be applied, to offer such proofs. The general rule is well settled that proof of every act necessary to make the law apply is essential; that the court may not take judicial notice of the record of prior convictions; that the burden of proving the prior convictions, and the identity of the defendant as being the same person previously convicted, rests with the State and must be established beyond a reasonable doubt. State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947); Singer v. United States, 278 Fed. 415 (3rd C.C.A. 1921); State v. Janiec, supra.
Despite petitioner's contention that there was no proof at trial of previous convictions, he was convicted by a jury on this indictment, as appears from a copy of the minutes of the Camden County Court of Quarter Sessions, vol. 8, p. 465, filed by petitioner in this cause. And although the indictment itself is miscaptioned "Sur. Indictment  Atrocious Assault and Battery," such has no effect on the essential substance of the indictment, which fulfilled the basic requirement of a charge of prior convictions within the principle of the Habitual Criminal Act, supra. Hence, it is clear that the petitioner, although asserting that his claim for relief brings into question the jurisdictional capacity of the court which imposed sentence upon him, really levels his attack at the validity of his conviction, on which such sentence was based. There was certainly, in view of the statutes quoted, the requisite jurisdictional power in the former Court of Quarter Sessions to convict him of the offense charged in the indictment and, based upon that conviction, there was clear jurisdictional authority to impose the sentence here questioned.
The State moves now to dismiss the petition for the writ of habeas corpus, on the ground that such writ may not be utilized for the purpose of appeal or writ of error, relying on the cases of In re Caruso, supra. I think this point is well *101 taken, for it is apparent that for this court to inquire now into the sufficiency of proof at trial to justify the conviction on which this sentence was based, would be foreign to the traditional function of the writ of habeas corpus. If there was the deficiency of proof claimed by petitioner, such conviction would have fallen on appeal. State v. Lutz, supra; State v. Janiec, supra. The fact that the time for appeal has long since expired is not significant. Ex parte Hill, 2 N.J. Super. 598 (Law Div. 1950); In re Tremper, 126 N.J. Eq. 276 (Ch. 1939). Since the point really raised, i.e., the adequacy of proof at trial to sustain the conviction, was properly reviewable on appeal and involved neither the primary jurisdiction of the court in the premises, nor any invasion of constitutional rights which might be destructive of that jurisdiction (Johnson v. Zerbst, 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938), no right to relief on habeas corpus is apparent. In re Caruso, 135 N.J.L. 522, supra. Any such deficiency of proof amounted to a "trial error," in that it affected only the validity of the conviction as distinguished from the jurisdictional capacity of the court, and such a "trial error" may not be reviewed on habeas corpus. That writ may not be used in lieu of a writ of error. In re Rose, 122 N.J.L. 507 (Sup. Ct. 1939). Our statute, R.S. 2:82-13, withholds from persons committed or detained by virtue of a final judgment or decree of a competent tribunal of civil or criminal jurisdiction, the right to prosecute a writ of habeas corpus, and granting that a court has power and jurisdiction to render a particular judgment in the matter, that judgment, when the power to pronounce it is erroneously exercised, should be corrected by appeal (In re Hall, 94 N.J. Eq. 108 (Ch. 1922); In re Scridlow, 124 N.J.L. 342 (Sup. Ct. 1940)), or by application under Rule 2:7-13. State v. Weeks, 5 N.J. Super. 505 (Cty. Ct. 1949); 6 N.J. Super. 395 (App. Div. 1950).
Accordingly, the motion to dismiss the petition for the writ is granted; the application for the writ of habeas corpus is denied and petitioner is remanded to custody.