16 N.J. Super. 171 (1951)
84 A.2d 29
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE B. ZEE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided October 9, 1951.
*172 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. George B. Zee, pro se, for the appellant.
Mr. Mitchell H. Cohen, Prosecutor of Camden County (Mr. Benjamin Asbell, Assistant Prosecutor, appearing), attorney for the respondent.
The opinion of the court was delivered PER CURIAM.
The defendant filed a petition for writ of habeas corpus attacking his 1941 conviction and sentence and on the basis thereof the writ was issued. It was discharged for the reasons set forth fully in the lower court's opinion (In re Zee, 13 N.J. Super. 312 (Cty. Ct. 1951)) and appeal has been taken from this action.
The sole contention advanced by the defendant in the brief supporting his appeal is that his sentence to life imprisonment as an habitual criminal under R.S. 2:103-10 was invalid and should be set aside. He asserts that the three prior convictions required under R.S. 2:103-10 were not properly alleged and proved as required by our decisions. See State v. *173 Lutz, 135 N.J.L. 603 (Sup. Ct. 1947); State v. Cubbler, 4 N.J. Super. 297 (App. Div. 1949). The 1941 indictment of the defendant charged him with breaking and entering with intent to steal and larceny and expressly set forth three prior convictions for high misdemeanors including a conviction in 1935 for breaking and entering and larceny, a conviction in 1935 for receiving stolen goods, and a conviction in 1938 for breaking and entering and larceny. The defendant pleaded not guilty, waived trial by jury and was duly tried before the court. He was represented by counsel, testified in his own behalf, was found guilty and sentenced. He did not seek review of his conviction within the year then allowed by statute (R.S. 2:195-5) and although he made application for writ of habeas corpus to our former Supreme Court to have his sentence set aside this was denied in October, 1943.
It is clear that the defendant's contention that the three prior convictions were not properly alleged in the indictment is without foundation in fact. It is true that the burden of proving the prior convictions, as well as the 1941 offenses charged in the indictment, rested with the State and, in the light of the court's action in finding the defendant guilty and sentencing him as an habitual criminal under R.S. 2:103-10, we assume that the proofs were sufficient. If the defendant believed that the proofs were insufficient he could have asserted that as ground for reversal on direct review within the year then allowed by statute. He was not at liberty to permit that time to expire and thereafter seek to have the sufficiency of the proofs at his trial determined on application for writ of habeas corpus. Our courts have repeatedly stated that deficiencies in proof and trial errors generally, while subject to appeal taken within the prescribed time, are not reviewable on habeas corpus. See In re Janiec, 137 N.J.L. 94 (Sup. Ct. 1948); In re Caruso, 135 N.J.L. 522 (Sup. Ct. 1947); In re Scridlow, 124 N.J.L. 342 (Sup. Ct. 1940); In re Cooley, 12 N.J. Super. 97 (Cty. Ct. 1951). Cf. In re Graham, 13 N.J. Super. 449, 452 (App. Div. 1951).
Affirmed.