16 N.J. Super. 174 (1951)
84 A.2d 31
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NATHANIEL JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided October 9, 1951.
*175 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Nathaniel Johnson, pro se, for the appellant.
Mr. Mitchell H. Cohen, Prosecutor of Camden County (Mr. Benjamin Asbell, Assistant Prosecutor, appearing), attorney for the respondent.
The opinion of the court was delivered PER CURIAM.
The defendant was indicted on charges of breaking and entering with intent to steal and larceny and, after trial, was convicted and sentenced on May 13, 1942, to life imprisonment as an habitual offender under R.S. 2:103-10. He applied to the lower court for a writ of habeas corpus and his application was denied without opinion; in support of his appeal from this action he advances the sole contention that his sentence under R.S. 2:103-10 was invalid on the ground that his prior convictions were not properly alleged and proved by the State.
The indictment resulting in the defendant's 1942 conviction charged him with breaking and entering with intent to steal and larceny and set forth that he had been convicted in the Camden County Court of Quarter Sessions in 1940 for the high misdemeanor of breaking and entering and larceny, had been convicted in 1926 in the Court of General Sessions of the State of New York "for the high misdemeanor of assault, first degree," and had been convicted in the Court of General Sessions of the State of New York in 1930 for the "high misdemeanor of criminally carrying pistol after conviction of a crime." In view of the defendant's conviction and sentence, unimpaired on any direct review within the year then allowed by statute (R.S. 2:195-5), we assume that the State adequately established the 1942 charges and the prior convictions. Cf. State of New Jersey v. George B. Zee, decided by this Court on October 9, 1951.
The State contends that the legality of a sentence imposed in a criminal prosecution, while reviewable on direct appeal *176 taken within the prescribed time, may not be attacked on habeas corpus proceedings and there have been decisions by our courts to that effect. See In re Janiec, 137 N.J.L. 94 (Sup. Ct. 1948); In re Scridlow, 124 N.J.L. 342 (Sup. Ct. 1940). However, since the adoption of Rule 2:7-13 an illegal sentence may be corrected at any time. See State v. Weeks, 5 N.J. Super. 505 (Law Div. 1949), affirmed 6 N.J. Super. 395 (App. Div. 1950); State v. Janiec, 9 N.J. Super. 29 (App. Div. 1950), affirmed 6 N.J. 608 (1951). In the instant matter serious questions may be raised from the face of the record as to whether the New York convictions of the defendant were for crimes which "would be high misdemeanors if committed in this State" as required by R.S. 2:103-10. See R.S. 2:176-41; R.S. 2:176-55; R.S. 2:176-8; R.S. 2:103-1; R.S. 2:110-1. We believe that this issue should, in the first instance, be passed upon in a proper proceeding before the lower court. To that end the informal petition filed by the defendant may be considered as an application under Rule 2:7-13 or he may be permitted to file a new application in conformity therewith. In either event, proceedings may be had thereafter before the lower court to determine whether the sentence to life imprisonment should be set aside as illegal and the defendant resentenced. See State v. Weeks, supra.
The cause is remanded to the lower court for further proceedings in conformity with this opinion.