30 N.J. Super. 1 (1954)
103 A.2d 162
STATE OF NEW JERSEY, RESPONDENT,
v.
ROCCO LA BATTAGLIA, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered February 15, 1954.
Decided February 23, 1954.
*2 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Benjamin Asbell, First Assistant Prosecutor, for the respondent (Mr. Mitchell H. Cohen, Prosecutor of the Pleas of Camden County, attorney).
Mr. Rocco La Battaglia, pro se.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The defendant Rocco La Battaglia, at a trial before the Camden County Court and a jury, was convicted on an indictment charging him with the crime of robbery. Thereafter, on October 23, 1950, he was sentenced to a term of not more than 15 nor less than 7 1/2 years in State Prison. He now appeals from a refusal by the Law Division of this court to issue a writ of habeas corpus to review certain aspects of his conviction and present detention.
*3 It is the defendant's contention that he is unlawfully confined because the crime of robbery was not proved at the trial; that at best, under the proofs, he could have been convicted only of larceny from the person; that the indictment returned against him was defective in that it charged him with the crime of robbery, which crime he did not commit, and that if any indictment were returned against him, it should have been for the crime of larceny from the person and that the indictment was also defective in that "the money was not particularly described."
A review of this appeal, and of numerous prior appeals of a like nature instituted by those confined in penal institutions, convinces us that there is either a gross misconception of the nature and purpose of the writ of habeas corpus or there is a deliberate attempt to engage in futile litigation as a pastime. Our courts have repeatedly and consistently enunciated the specific relief attainable by habeas corpus. It always has been and still is a most important remedy to safeguard and give relief to those who are unlawfully deprived of their liberty. Perhaps, it may be helpful to re-emphasize the long established principles applicable to habeas corpus.
The writ of habeas corpus is a high prerogative writ, it is not ordinarily issuable as a matter of right, but is permissive at the discretion of the court. It only becomes one of right when the applicant shows that he is entitled to it. In re Davis, 107 N.J. Eq. 160 (Ch. 1930). It is a common law, not a statutory, writ. Our statute did not create the writ to prevent the injury of illegal confinement, but recognized its existence and enacted legislation with reference to it as a common law writ. In re Thompson, 85 N.J. Eq. 221 (Ch. 1915).
The pertinent and controlling statute here is found in N.J.S. 2A:67-14 (formerly R.S. 2:82-13), providing:
"The persons hereinafter specified shall not be entitled to prosecute writ of habeas corpus:

* * * * * * * *
*4 b. Any person committed or restrained of his liberty by virtue of a final judgment of a competent tribunal of civil or criminal jurisdiction or by virtue of any process issued pursuant thereto, * * *."
In the instant case it is quite clear that the defendant is incarcerated and detained by virtue of a final judgment of a competent court. It is idle, indeed, to argue that there is a debatable question as to the jurisdiction of the Camden County Court in which the defendant was tried, over his person and the subject matter. Nor is there any uncertainty that the indictment returned was within the competency of the grand jury's consideration and authority. In re Scridlow, 124 N.J.L. 342 (Sup. Ct. 1940). The defendant's proceeding by way of habeas corpus is a collateral attack on the judgment of conviction and is not maintainable. State v. Cynkowski, 19 N.J. Super. 243 (App. Div. 1952); affirmed 10 N.J. 571 (1952); In re Janiec, 137 N.J.L. 94 (Sup. Ct. 1948). In a very illuminating and instructive opinion by Chancellor Walker in the case of In re Davis, supra, it was held that:
"* * * Habeas corpus is a collateral attack on the indictment and process under which the accused is held; and accordingly, where the trial court had jurisdiction of the offense and of the person of the offender (which the court of oyer and terminer of Ocean county clearly had), and power to render a particular judgment or sentence in a proper case (which this case undoubtedly is, although the proceedings are in an initial stage and no trial has taken place or judgment rendered), habeas corpus will not lie upon the ground of mere irregularity in the proceedings, rendering them not void, but only voidable. Nor will habeas corpus issue to discharge a prisoner from restraint when the challenge to the jurisdiction of the court below is on the ground that the term was unlawfully continued. Habeas corpus is not a writ of error or other process of review, and, therefore, is not available if the judgment is merely erroneous; and it will not lie because of error or irregularity in drawing, summoning or impaneling the jury, or in discharging them."
Cf. In re Caruso, 135 N.J.L. 522, 523 (Sup. Ct. 1947).
It is the defendant's contention that the proofs adduced by the State at his trial  at which, incidentally, he was represented by counsel  did not support the charge of robbery for which he was indicted and a conviction could only *5 have been had for the crime of larceny from the person. However, again the defendant misconceives his remedy, if any. Our courts have repeatedly held that deficiencies in proof and trial errors generally, while subject to appeal taken within the prescribed time, are not reviewable on habeas corpus. State v. Zee, 16 N.J. Super. 171 (App. Div. 1951); In re Janiec, supra; In re Caruso, supra; In re Scridlow, supra; In re Cooley, 12 N.J. Super. 97 (Law Div. 1951); In re Graham, 13 N.J. Super. 449, 452 (App. Div. 1951).
"Since the point really raised, i.e., the adequacy of proof at trial to sustain the conviction, was properly reviewable on appeal and involved neither the primary jurisdiction of the court in the premises, nor any invasion of constitutional rights which might be destructive of that jurisdiction (Johnson v. Zerbst, 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938)), no right to relief on habeas corpus is apparent." In re Cooley, supra.
Our courts have consistently held that the validity of an indictment will not be determined on habeas corpus. The validity of an indictment is one always for the trial court, or on review in the court above, by way of an appropriate appeal taken within the time limited therefor. In re Davis, supra. See also In re Caruso, supra; In re Rose, 122 N.J.L. 507 (Sup. Ct. 1939); State v. Miller, 16 N.J. Super. 251 (App. Div. 1951).
The appellant raises some question as to the incorrectness of the sentence imposed upon him. He was indicted, tried and convicted of the crime of robbery in violation of R.S. 2:166-1 (now N.J.S. 2A:141-1), which provides that one so convicted may be punished by a fine or imprisonment at hard labor not exceeding 15 years, or both.
In view of the fact that the defendant's remedy, if any, was by way of review on appeal, not by habeas corpus, the judgment of the Law Division is affirmed.