202 N.J. Super. 267 (1985)
494 A.2d 841
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
H.G.G., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 21, 1985.
Decided June 24, 1985.
*269 Before Judges MATTHEWS, FURMAN and HAVEY.
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for appellant (Stephen H. Monson, Deputy Attorney General, of counsel and on the brief).
Charles J. Sakany, attorney for respondent.
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
The State appeals from an order of the Law Division expunging the arrest and conviction record of H.G.G. for a 1969 conviction of conspiracy to possess, process and manufacture narcotics in violation of N.J.S.A. 2A:8-2.
Petitioner was arrested on October 11, 1968 and charged with conspiracy, contrary to the provisions of N.J.S.A. 2A:85-1 and conspiracy to possess narcotics, contrary to the provisions of N.J.S.A. 2A:98-2. Subsequently in June of 1969, a Bergen *270 County Grand Jury returned an indictment on the charges of which petitioner was subsequently found guilty.
On November 1, 1973, petitioner was arrested and charged with fraud contrary to the provisions of N.J.S.A. 2A:111-15. Entering a plea of not guilty, petitioner was later found guilty of the offense as charged.
Nine years later, on February 9, 1984, petitioner submitted a verified petition pursuant to N.J.S.A. 2C:52-7 and 8, seeking to expunge the 1969 conviction for conspiracy. The petition, however, failed to comply with the provisions of N.J.S.A. 2C:52-7 and the holding in State v. DeMarco, 174 N.J. Super. 411 (Law Div. 1980), in that petitioner set forth that he had never been convicted of any offense other than the conspiracy offense. Numerous arrests and charges occurring in New York and New Jersey also went unreported in the petition. N.J.S.A. 2C:52-7 sets forth the essential elements of an expungement petition:
Every petition for expungement filed pursuant to this chapter shall be verified and include:
a. Petitioner's date of birth.
b. Petitioner's date of arrest.
c. The statute or statutes and offense or offenses for which petitioner was arrested and of which petitioner was convicted.

d. The original indictment, summons or complaint number.
e. Petitioner's date of conviction, or date of disposition of the matter if no conviction resulted.
f. The court's disposition of the matter and the punishment imposed, if any. [Emphasis added.]
Although H.G.G.'s petition clearly falls short of these requirements, its inadequacy was neither addressed below nor raised on appeal.
The State Bureau of Identification (S.B.I.) in the Division of State Police objected to the expungement, citing a statutory basis for a denial. Specifically, the S.B.I. relied upon N.J.S.A. 2C:52-2(a) and 2C:52-14(a). According to S.B.I., petitioner, having more than one criminal conviction of record, was ineligible for expungement relief.
*271 At the expungement hearing the State presented certified judgments of conviction in support of its statutory objection. No testimony or evidence was placed before the court by the petitioner to rebut the judgments of conviction which were subsequently received into evidence. Petitioner nevertheless argued that he had only one valid criminal conviction of record and was therefore eligible for expungement relief. Specifically, he claimed that since the State could not produce a written waiver of his right to an indictment and trial by jury, executed by him, the 1973 conviction was invalid and could not be used against him in the expungement proceedings. The State claimed that petitioner did execute a written waiver but was unable to produce it because all trial records of Hackensack Municipal Court are shredded after six years.
The statute under which petitioner was convicted, N.J.S.A. 2A:111-15, expressly classifies a violation as being a misdemeanor, and specifically provides for a penalty of not more than one year imprisonment and/or a fine of not more than $1,000. The code in 2C:1-4(c), classifies a violation of N.J.S.A. 2A:111-15 as a crime. Under N.J.S.A. 2A:8-22(h), a municipal court only has jurisdiction of a N.J.S.A. 2A:111-15 crime if the person charged waives indictment and trial by jury in writing:
Each municipal court, and the magistrate or magistrates thereof, shall have jurisdiction of the following crimes or offenses occurring within the territorial jurisdiction of the court, where the person charged shall in writing waive indictment and trial by jury
........
h. Overdrawing credit or checking account.
The trial judge recognized that a literal reading of N.J.S.A. 2C:52-3 would bar the expungement of H.G.G.'s conviction because of his subsequent 1973 conviction in Hackensack Municipal Court of an indictable offense. Nonetheless, the trial judge ignored the explicit language of N.J.S.A. 2C:52-3 and expunged petitioner's arrest and conviction record for the conspiracy conviction, reasoning that the State had failed to prove *272 that petitioner had executed a statutory waiver pursuant to the jurisdictional requirements of N.J.S.A. 2A:8-22(h).
The trial judge, relying solely on the case of State v. R.E.C., 181 N.J. Super. 79 (Law Div. 1981), found the burden to be on the State to prove the conviction's validity:
"State v. REC, 181 N.J. Super. 79, `The prosecutor must establish the facts by a preponderance of the evidence to deny expungement. The prosecutor must establish facts from which the Court can conclude the criteria have been established.'
I have nothing further but the presumption that the magistrate did his job, but I don't think I can act on that. In good conscience, how could I presume, even if he had counsel which I don't have in the record of conviction, to advise him of his rights, so I have to give that benefit of the doubt based on this case that you have to come forward by the preponderance of the evidence to establish the objection to the expungement. I have to go with him."
We disagree with the judge's reliance on R.E.C. since that case is clearly distinguishable from that presented here. In R.E.C., a criminal defendant who had been acquitted of charges of aggravated assault, filed a petition for an order expunging the records of his prosecution. The sole issue was the applicability of N.J.S.A. 2C:52-14(b), i.e., whether the need for the record outweighs the purpose of expungement. N.J.S.A. 2C:52-14(b) provides that expungement shall be denied when "the need for the availability of the records outweighs the desirability of having a person freed from any disabilities as otherwise provided in this chapter." An application may be denied under this subsection only following objection of a party given notice pursuant to N.J.S.A. 2C:52-10. The subsection further expressly provides and the trial judge held that the "burden of establishing the factual foundation for the applicability of subsection [14(b)] to deny expungement rests with the prosecutor as objector." 181 N.J. Super. at 82. The holding in R.E.C. is applicable in those cases where the State has invoked subsection 14(b) as its statutory objection, 14(b) being the only subsection which mandates an obligation of proof upon the State.
In this case the applicable provision is N.J.S.A. 2C:52-14(a) which provides that a petition for expungement filed pursuant to chapter 52 of the Code shall be denied when "[a]ny statutory *273 prerequisite including any provision of this chapter, is not fulfilled or there is any other statutory basis for denying relief." The State claims that H.G.G. failed to comply with the prerequisites set forth in N.J.S.A. 2C:52-2(a):
a. In all cases, except as herein provided, wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, and has not been adjudged a disorderly person or petty disorderly person on more than two occasions may, after the expiration of a period of 10 years from the date of his conviction, payment of fine, satisfactory completion of probation or parole, or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52-7 to the Superior Court in the county in which the conviction was entered praying that such conviction and all records and information pertaining thereto be expunged.

Although subsequent convictions for no more than two disorderly or petty disorderly offenses shall not be an absolute bar to relief, the nature of those conviction or convictions and the circumstances surrounding them shall be considered by the court and may be a basis for denial of relief if they or either of them constitute a continuation of the type of unlawful activity embodied in the criminal conviction for which expungement is sought. [Emphasis added.]
Both subsection 14(a) and subsection 2(a) of chapter 52 are silent as to who must bear the burden of proof when the validity of a prior conviction is disputed.
If the Legislature had intended the burden to be on the State, we think that it would have been expressly stated as was done in subsection 14(b). The proof of conviction required is satisfied by the introduction into evidence of a certified judgment of conviction. The burden is then on the petitioner to prove the conviction's invalidity. A petitioner seeking expungement of a conviction, when his record shows another conviction, must do more than merely allege the conviction's invalidity to put the State to its proofs. He must present at least a prima facie case of invalidity. Otherwise the courts would become bogged down with excessive collateral matters and criminal verdicts would never have any finality.
Petitioner's argument that his 1973 conviction cannot be used to deny his petition for expungement because the conviction is invalid appears to be two faceted. He asserts that the prior *274 conviction is invalid on the basis of a denial of his constitutional rights: the right to counsel, the right to an indictment and the right to a jury trial. He also asserts that the prior conviction is void because the municipal court lacked the requisite jurisdiction.
The United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), established the right to counsel in felony cases. Following Gideon, the Court consistently held that because an uncounseled felony conviction was constitutionally invalid  and therefore void  it could not be put to other uses in court. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Court stated that an uncounseled felony conviction could not be used in a later trial to enhance punishment under a recidivist statute. Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), barred impeachment of a defendant with an uncounseled felony conviction, and United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) held that a sentencing judge cannot consider a prior uncounseled felony.
Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2016, 32 L.Ed.2d at 538. Argersinger was later read with Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), to prohibit the collateral use by the State of misdemeanor convictions obtained in violation of the right to counsel. Berry v. Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973). Nevertheless petitioner, whose prior conviction was a misdemeanor, must surmount several hurdles before he can demonstrate that error on the basis of an Argersinger violation would be present if his prior conviction was used to deny his petition for expungement. Argersinger forbade only sentences of imprisonment. Since petitioner here suffered nothing worse than a six month suspended sentence with six months probation *275 and a $200 fine as a result of his prior conviction, the conviction's exclusion depends upon an extension of Argersinger to cover such sentences as well.
In State v. McGrew, 127 N.J. Super. 327 (App.Div. 1974), defendant was found guilty in municipal court of operating a motor vehicle while under the influence of intoxicating liquor. When he appeared later for sentencing, a record was produced of a prior conviction for drunk driving. The judge declined to receive offered testimony that defendant was indigent at the time and had not been advised of his right to free counsel, and imposed the mandatory three-month term of imprisonment and revocation of driving privileges for ten years. Defendant appealed, arguing that because of his indigency at the time of the earlier conviction, and the failure to furnish him counsel, he should not now receive the mandatory statutory sentence as a second offender. This court, in affirming the decision below, held that where defendant's first conviction did not result in a custodial sentence, defendant could not subsequently claim denial of the right to counsel. 127 N.J. Super. at 329.
The United States Supreme Court, similarly holding in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), clarified the relationship between jail sentences and the right to counsel by interpreting the Sixth and Fourteenth Amendments to the United States Constitution as only preventing the actual imposition of a jail sentence when an indigent is denied appointed counsel rather than requiring appointed counsel whenever the offense carries a possible sentence of imprisonment.
One year later in Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), the Court was presented with the question of whether an uncounseled misdemeanor conviction not resulting in a custodial sentence may be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. The court below held that petitioner's earlier conviction for shoplifting three packages of bacon was constitutionally valid under Scott since he received *276 only a fine and probation. The conviction could, therefore, be used to elevate his subsequent conviction from a misdemeanor to a felony and to permit him to be sentenced to three years in prison rather than the one year maximum otherwise applicable. The Supreme Court found the lower court's logic to be fallacious for the simple reason that petitioner's prior conviction was not valid for all purposes. Specifically under the rule of Scott and Argersinger, it was invalid for the purpose of depriving petitioner of his liberty.
In this appeal, the State's purpose in utilizing the prior misdemeanor conviction is not for the purpose of depriving petitioner of his liberty. Petitioner is seeking to have a criminal conviction expunged. The Argersinger and Baldasar decisions rest primarily on the desire of the Court to prevent the use of prior uncounseled convictions to impose the severe sanction of incarceration. This interest is not present here.
Petitioner's invalidity argument is, therefore, reduced to an attack on the jurisdictional capacity of the municipal court that convicted him. Although the record of a conviction of a criminal offense imports absolute verity and is conclusive concerning the matters to which it relates, State v. Leo, 80 N.J.L. 21 (1910), an order or proceeding in excess of jurisdiction is null and is subject to collateral attack. Miske v. Habay, 1 N.J. 368, 374 (1949). The question presented then is whether it is the State's burden to prove the validity of the conviction by showing the waiver was executed or whether it is petitioner's burden to prove the invalidity of the conviction by showing that the waiver was not executed. In State v. McCall, 14 N.J. 538 (1954), an habitual criminal appeal, our Supreme Court held that the trial court did not err in permitting the defendant to introduce evidence to attack the validity of the prior conviction being used against him. The holding suggests that the Court had in mind placing the burden on the defendant to prove the conviction's invalidity.
*277 Analogous cases further support the State's position. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), where the court concluded that uncounseled prior convictions cannot be used to enhance punishment for an offense, the records of petitioner's prior conviction were conflicting as to whether he had counsel at the prior proceeding. The prosecution offered a certified copy of a prior judgment of a conviction for the purpose of enhancing the penalty under the Texas recidivist statute. The judgment stated: "Came the Assistant Attorney General for the State and defendant in proper person and without counsel." Petitioner objected to the introduction of that record on the ground that he was not represented by counsel. The trial court reserved ruling. The prosecution then offered a second version of the same prior judgment which recited that petitioner appeared "in proper person" but did not state that he was "without counsel." That second version also stated: "After said jury had heard the evidence, argument of counsel, and the charge of the court, they retired to consider their verdict." The record was not clear, however, whether "counsel" was used in the singular or plural, and no explanation was offered for the discrepancy between the two records. The trial court sustained petitioner's objection to the first version of the conviction, but overruled the objection to the second version.
The Supreme Court reasoned that the records of the prior conviction
... on their face raise a presumption that petitioner was denied his right to counsel in the [prior] Tennessee proceeding, and therefore that his conviction was void. 389 U.S. at 114, 88 S.Ct. at 261, 19 L.Ed.2d at 324.
The court did not, however, specifically address the question of which party has the burden of proving the constitutional validity of a prior conviction. But, it was suggested that the burden is initially on the State. Offering two records of the disputed prior conviction, the State was unable to meet its burden because the records conflicted and were therefore presumptively void.
*278 United States v. McDowell, 328 F. Supp. 606 (W.D.Pa. 1971), also provides support for the State's position. There the defendant was charged with a violation of certain federal gun laws, having previously been convicted of a crime punishable by more than a year in prison. Defendant challenged the validity of the earlier conviction  which had never been attacked previously  because of an alleged failure to notify him of a right to appeal. The court held that the government need not negate every possible constitutional infirmity that might conceivably have tainted an earlier unappealed conviction. Rather, while
... the ultimate burden of persuasion may rest on the Government, it certainly seems clear that in the first instance the burden of going forward with proof sufficient prima facie to raise the issue is incumbent upon the defendant. 328 F. Supp. at 608-609.
New Jersey courts in interpreting the Habitual Criminal Act, N.J.S.A. 2A:85-12 et seq., the predecessor to the Extended Term of Imprisonment Provision of the Code of Criminal Justice, N.J.S.A. 2C:44-3, have held that because proof of every action necessary to make the act apply is essential, its application depends upon the furnishing of adequate proof of prior offenses. In re Zee, 13 N.J. Super. 312 (Law Div. 1951), aff'd 16 N.J. Super. 171 (App.Div. 1951), cert. denied 343 U.S. 931, 72 S.Ct. 766, 96 L.Ed. 1340; In re Cooley, 12 N.J. Super. 97 (Law Div. 1951). The trial court may not, therefore, take judicial notice of the record of prior convictions, but the State has the burden of proving prior convictions beyond a reasonable doubt. State v. Janiec, 9 N.J. Super. 29 (App.Div. 1950), aff'd 6 N.J. 608 (1951), cert. denied 341 U.S. 955, 71 S.Ct. 1007, 95 L.Ed. 1376 (1951). This burden may be satisfied "by any evidence, including fingerprint records made in connection with arrest, conviction or imprisonment, that reasonably satisfies the court that the defendant was convicted." N.J.S.A. 2C:44-4(d). The introduction of a certified judgment of conviction clearly is sufficient to show that the defendant was convicted. It follows that the burden is on the defendant to prove the invalidity of the conviction. To hold otherwise would encumber trials with an infinite number of collateral issues, limited only by the ingenuity *279 of counsel in imagining additional diversities of constitutional dimension.
While it is not completely clear on the subject, United States v. Thoresen, 428 F.2d 654 (9 Cir.1970), apparently agrees in putting the burden on the defendant. In Thoresen, the defendant in a gun case challenged the validity of a state conviction by a pre-trial motion which was denied by the district court. The court examined Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) and its progeny and held:
... that Thoresen was entitled to an opportunity, at the trial, to establish the invalidity, under the Constitution, of the Maine conviction and to a determination of that issue, on the merits, by the trial court. [United States v. Thoresen, 428 F.2d 654, 664 (9 Cir.1970)].
This language suggests that the Ninth Circuit had in mind placing the burden on the defendant.
The use of a prior conviction to impeach the credibility of a witness also presents a situation similar to that in the instant appeal. According to New Jersey Evidence Rule 20, for the purpose of impairing or supporting the credibility of a witness, extrinsic evidence relevant on the issue of credibility may be introduced. N.J.S.A. 2A:81-12 provides:
For the purpose of affecting the credibility of any witness, his interest in the result of the action, proceeding or matter or his conviction of any crime may be shown by examination or otherwise, and his answers may be contradicted by other evidence. Conviction of crime may be proved by the production of the record thereof, but no conviction of an offender shall be received in evidence against him in a civil action to prove the truth of the facts upon which the conviction was based. [Emphasis added.]
The phrase "production of the record" leaves no ground for conjecture. A certified copy of the conviction, State v. Spano, 69 N.J. 231 (1976), or the production of the actual minutes of the court satisfies this requirement where the conviction is in this State. State v. Nagy, 27 N.J. Super. 1 (App.Div. 1953).
In State v. Koch, 118 N.J. Super. 421 (1972), we held that if defendant neither had nor waived counsel on occasion of prior convictions, the introduction of such convictions to impeach defendant's credibility in a current prosecution, impaired his rights under the Sixth and Fourteenth Amendments. The issue *280 of who bears the burden of proof was not addressed. Instead we remanded the case for testimony and findings on the question of presence of counsel and waiver. The holding that the failure of defendant to prove the lack of representation at trial does not bar assertion of such contention during a post-conviction relief proceeding, however, suggests that the burden is on defendant. 118 N.J. Super. 426.
In Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) where the Court barred impeachment of a defendant with an uncounseled felony conviction, the plurality opinion, in footnote dicta defining the question presented, said:
... [T]he Court of Appeals ... did not rest its decision on a finding that the petitioner had failed to meet his burden of proving the invalidity of the prior convictions. It reached the merits of the legal question involved, and we granted certiorari to review that decision. There is thus no basis in the record upon which we may either dismiss the case or affirm the decision below on the ground that the petitioner did not meet his burden of proving that the prior convictions were invalid. See Burgett v. Texas, 389 U.S. 109, 114-115, 10 L.Ed.2d 319, 324, 88 S.Ct. 258; Losieau v. Sigler, 406 F.2d 795, 803 [8th Cir.]; Williams v. Coiner, 392 F.2d 210, 212-213 [4th Cir.]. [405 U.S. at 480, n. 6, 92 S.Ct. at 1017, n. 6, 31 L.Ed.2d at 380].
All of the opinions in Loper rest on the assumed proposition that the defendant had the burden of proof. In Losieau v. Sigler, 406 F.2d 795 (8th Cir.1969) and Williams v. Coiner, 392 F.2d 210 (4th Cir.1968), cited in Loper, the courts concluded that Burgett dictates that where the record is "silent" as to whether defendant was represented at the prior proceeding, the defendant must introduce some evidence substantiating his claim that he was not in fact represented.
In this case, the State produced a certified judgment of conviction and fingerprints which were taken by the arresting agency, at the expungement proceeding. Although petitioner denied the validity of the conviction, he did not attempt to substantiate his allegation by producing any evidence. He merely relied on his allegation. Moreover, petitioner does not challenge the merits of the previous finding of guilty, nor does he contend that the result might have been otherwise had he been tried in a court of "competent" jurisdiction. He admits *281 that he committed fraud by executing a check knowing that his account did not have sufficient funds to cover the amount of the check.
Petitioner's conviction was obtained as the result of a procedure not considered fundamentally unfair at that time. Given the suggestion in the quotation from Loper and its apparent acceptance by the plurality members and the dissenters and in the absence of any otherwise authoritative pronouncement by either the Supreme Court of the United States or of New Jersey, we believe ourselves warranted in putting the burden of proof on the petitioner who challenges the utility of the record. Since no substantial doubts upon the reliability of the determination already made are present, no compelling reason exists for disturbing a decision no longer subject to direct appeal. State v. Johnson, 43 N.J. 572, 585 (1965). See also State v. Hall, 89 N.J. Super. 361, 364 (App.Div. 1965); State v. Blanchard, 98 N.J. Super. 22, 30 (Law Div. 1967).
Thus, in the absence of "some countervailing considerations of `the deepest sentiments of justice,'" State v. Johnson, 43 N.J. 572, 584, the existence of a prior conviction mandates the denial of petitioner's expungement application. To hold otherwise would clearly be in direct contravention of the primary objective of the expungement statute:
This chapter shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records. [N.J.S.A. 2C:52-32].
We suggest that the approach in these cases should require the State to produce initially evidence of the prior conviction sufficient to justify a finding that the petitioner has suffered the prior conviction. In such event, petitioner then has the burden of producing evidence that the prior conviction is invalid. If petitioner bears this burden successfully, the State will be given the right to produce evidence in rebuttal. A defendant *282 who seeks to challenge a prior conviction in a subsequent trial, must do more than merely assert invalidity to put the State to its proofs.
In this case, petitioner has failed to produce evidence sufficient to justify a finding that the 1973 conviction is invalid. The decision of the Law Division is reversed and the order to expunge is vacated.